### F. J. GUERIN v. GERTRUDE GUERIN.

(Filed 18 September, 1935.)

1. **Process B c—**

> Where service of summons is had by publication, and the notice, as published, erroneously states that the action is pending in a county other than the one in which the action is in fact pending, the service by publication is void.

**2. Judgments K c—**

> Where judgment is rendered by default final upon a fatally defective service of summons by publication, the judgment is void, since jurisdiction of defendant is necessary to enable the court to render a valid judgment against him.

**3. Judgments K f—**

> The proper procedure to set aside a void judgment is by a motion in the cause.

This is an appeal by the plaintiff from an order of *Hill, Special Judge,* at November Term, 1934, of ALAMANCE, allowing the motion of the defendant to set aside a judgment of divorce theretofore entered in said cause at the April Term, 1934, of Alamance. Affirmed.

*Duke & Bridges for plaintiff, appellant.*
*M. W. Nash and E. H. Smith for defendant, appellee.*

SCHENCK, J. It appears from the record that the only service of summons attempted in this case was service by publication. It further appears that the notice of summons, as published in 'The Alamance Gleaner, was in the following words: "The defendant Gertrude Guerin will take notice that an action entitled as above has been started in the Superior Court of Durham County, North Carolina, and a duly verified complaint has been filed there. The purpose of said action is to secure an absolute divorce from the defendant, and the said defendant will further take notice that she is required to be and appear at the office of the clerk of the Superior Court of Alamance County, North Carolina, on 25 March, 1934, and answer or demur to the complaint or the relief therein prayed for will be granted."

It is manifest that the defendant has never been given notice of any action by her husband against her in Alamance County. The notice is that such action "has been started in the Superior Court of *Durham County,* . . ." Unless the defendant had come in by answer in the Superior Court of Alamance County, where the case was actually pending, she would not be in court at all, and any judgment against her would be without warrant of law. As was said by *Merrimon, J.,* in *Stancill v. Gay,* 92 N. C., 462, "Jurisdiction of the party, obtained by the court in some way allowed by law, is essential to enable the court to give a valid judgment against him." Since the defendant, the movant, has never been given notice of any action pending against her in Alamance County, she has never been served with process, and for that reason the judgment entered against her was void and her motion to set the same aside was properly allowed. "A void judgment is no judgment, and may always be treated as a nullity. A nullity is a nullity,

and out of nothing nothing comes. *Ex nihilo nihil fit* is one maxim that admits of no exceptions." *Harrell v. Welstead,* 206 N. C., 817.

Since the judgment was void for want of valid service of process, a motion in the cause to set said judgment aside was the proper procedure, and the order allowing said motion was properly entered. *Fowler v. Fowler,* 190 N. C., 536.

Affirmed.