NORTH BROOK FARM LINES, INC. v. GEORGE W. McBRAYER

No. 7727DC145

(Filed 17 January 1978)

1. **Rules of Civil Procedure §§ 4, 55— nonresident defendant—default judgment—service of process within N. C. not required**

    The trial court erred in concluding as a matter of law that a default judgment could not be entered against a nonresident defendant unless said nonresident defendant was actually served with summons with a copy of the complaint attached within the boundaries of North Carolina, since G.S. 1A-1, Rule 4(j)(9)b clearly authorizes under certain conditions service of process by registered mail where the party to be served cannot be served within and is not an inhabitant of this State.

2. **Rules of Civil Procedure § 55— nonresident defendant—default judgment—no opportunity to appear required**

    The trial court erred by concluding as a matter of law that a default judgment could not be entered against a nonresident defendant without providing the defendant an opportunity to appear by forwarding said defendant a copy of the trial calendar at least three days prior to the term of civil court in which defendant's case had been calendared.

3. **Rules of Civil Procedure § 55— entry of default—no motion to set aside—setting aside improper**

    Where the clerk properly made an entry of default against the nonresident defendant after plaintiff filed two affidavits showing that service was had on defendant by certified mail pursuant to Rule 4(j)(9)b, that defendant had failed to respond within the required time, and that defendant was neither an incompetent nor an infant, the trial court erred in setting aside the entry of default, since defendant failed to make or file a motion to set aside the entry of default as required by Rules 55(d), 5(a),(d),(e), and 7(b).

4. **Rules of Civil Procedure § 55— nonresident defendant—failure to show jurisdictional grounds—default judgment improper**

    The trial court properly set aside the default judgment against the nonresident defendant since plaintiff failed to comply with the proof of jurisdictional grounds requirement of G.S. 1-75.11 in that it failed to make and

file any affidavit or other evidence which showed the necessary grounds for personal jurisdiction under G.S. 1-75.4 not shown in plaintiff's verified complaint.

APPEAL by defendant from *Phillips, Judge.* Order entered 8 December 1976 in District Court, LINCOLN County. Heard in the Court of Appeals 7 December 1977.

On 4 June 1976 plaintiff filed a verified complaint alleging that defendant was a resident of Georgia, that plaintiff had loaned defendant money in the amount of $5,000 during the period from 8 April 1976 through 1 June 1976, and that defendant had failed to repay. On the same date summons was issued and an affidavit in attachment was filed by plaintiff. In the affidavit plaintiff alleged that defendant was not a resident of North Carolina and that he was intending to defraud his creditors by removing property from the state. The clerk entered an attachment order and the sheriff levied on defendant's tractor-trailer and a refrigeration unit.

Defendant could not, after due diligence, be served within North Carolina. On 24 June 1976 plaintiff mailed a copy of the summons and complaint by certified mail, return receipt requested, to defendant at an address in Georgia. According to the certified receipt, defendant received the summons and complaint on 28 June 1976. On 10 August 1976, plaintiff filed an affidavit pursuant to G.S. 1A-1, Rule 4(j)(9)b, showing service of process by certified mail on defendant and a request for entry of default since defendant had failed to respond to the summons and complaint within the time allowed by the Rules of Civil Procedure. On the same date, the clerk entered default pursuant to G.S. 1A-1, Rule 55(a).

On 18 August 1976 a hearing was held on plaintiff's motion for judgment by default before Judge Bulwinkle who found facts to the effect that plaintiff, a North Carolina corporation, filed a complaint against defendant, a Georgia resident, on 4 June 1976, seeking to recover $5,000 allegedly loaned to defendant; that on the same date the court caused to be attached a tractor-trailer belonging to defendant; that defendant received a copy of the summons and complaint by certified mail; that plaintiff and defendant entered into several agreements whereby defendant was to furnish tractor-trailers and drivers who were to deliver freight

and other cargo for which plaintiff had arranged delivery; that in carrying out these agreements, defendant's vehicles and drivers were frequently in North Carolina and even came by plaintiff's place of business; that defendant was in constant communication with plaintiff's business office in North Carolina; that "the defendant was engaged in and doing substantial business in North Carolina" pursuant to his agreements with plaintiff; and that according to plaintiff's records, defendant actually owed plaintiff $5,926.93 but plaintiff was limited to default judgment relief of $5,000 since that was the amount which he had requested in his complaint. Based on the findings of fact, the court concluded as a matter of law that it had *in personam* jurisdiction over defendant, that it had *in rem* jurisdiction over defendant's attached property, and that defendant was indebted to plaintiff in the amount of $5,926.23. Judge Bulwinkle then ordered that plaintiff have an *in personam* judgment against defendant in the amount of $5,000, and an *in rem* judgment on the attached tractor-trailer which was to be sold with proceeds being applied against the $5,000 *in personam* judgment. The judgment was filed 24 August 1976.

On 30 September 1976, defendant, pursuant to G.S. 1A-1, Rule 60, moved to set aside the default judgment on three different grounds: first, while admitting that he was served with summons and complaint (by certified mail) on 28 June 1976, defendant asserted that he was never served with an affidavit in attachment, that he did not have legal counsel in North Carolina on 10 August 1976 when the entry of default was made, and that plaintiff did not file a proper motion or affidavit moving for entry of a default judgment as required by Rule 55(b)(1); second, on the grounds of surprise, inadvertence and excusable negligence in that he had no notice of the attachment and levy on his tractor-trailer in North Carolina; and third, on the ground that there was a controversy as to the amount he was indebted to plaintiff.

Defendant also asked that he be allowed to post a $5,000 bond in order to secure a release of his personal property that was being held pursuant to the attachment. On 5 October 1976 defendant posted a $5,000 bond, and an order was entered for the release of the attached property.

On 8 December 1976, Judge Phillips entered an order granting defendant's motion to set aside the default judgment and

made the four following "findings of fact" to which plaintiff excepted:

> That under and by virtue of the laws and statutes of the State of North Carolina, a default judgment cannot be entered against a nonresident defendant unless and until said nonresident defendant was actually served with summons with copy of complaint attached, within the boundaries of the State of North Carolina;

EXCEPTION NO. 1.

> That, further, a judgment of default cannot be entered against a nonresident defendant without providing the defendant an opportunity to appear, by forwarding said defendant a copy of the trial calendar at least three days prior to a term of civil court in which the defendant's case has been calendared;

EXCEPTION NO. 2.

> That in the civil action at hand, entry of default against this nonresident defendant was improper under the laws and statutes of the State of North Carolina and should be set aside;

EXCEPTION NO. 3.

> That the default judgment entered on the 18th day of August, 1976 and filed in this civil action is also improper against this nonresident defendant and must be set aside.

EXCEPTION NO. 4.

Plaintiff appealed.

*Thomas M. Shuford, Jr., for plaintiff appellant.*

*M. Clark Parker for defendant appellee.*

BRITT, Judge.

Although Judge Phillips classified the four statements to which plaintiff takes exception as findings of fact, they are in fact conclusions of law and for purposes of appellate review will be treated as such. "A conclusion or inference of law by the lower court is reviewable, even though the lower court denominates it a

finding of fact." 1 Strong's N.C. Index, Appeal and Error § 57.3, p. 345. *See Roberts v. Coca-Cola Bottling Company*, 256 N.C. 434, 124 S.E. 2d 105 (1962).

[1] Plaintiff contends first that the trial court erred in concluding as a matter of law that a default judgment cannot be entered against a nonresident defendant unless said nonresident defendant is actually served with summons with a copy of the complaint attached within the boundaries of North Carolina. We find merit in this contention.

G.S. 1A-1, Rule 4(j)(9)b clearly authorizes service of process by *registered or certified mail on any party to an action* commenced in a court of this State having jurisdiction of the subject matter and grounds for personal jurisdiction as provided in G.S. 1-75.4, where the party to be served cannot after due diligence be served within, and is not an inhabitant of, this state.

This being an action in contract for $5,000, the district court had jurisdiction of the subject matter. G.S. 7A-240, 243. The next question is, did said court have grounds for *personal* jurisdiction as provided in G.S. 1-75.4? We answer in the affirmative.

G.S. 1-75.4(5) provides that a court of this state having jurisdiction of the subject matter has jurisdiction over a person served pursuant to Rule 4(j) in any action which:

a. Arises out of a promise, made anywhere to the plaintiff or to some third party for the plaintiff's benefit, by the defendant to perform services within this State or to pay for services to be performed in this State by the plaintiff; or

b. Arises out of services actually performed for the plaintiff by the defendant within this State, or services actually performed for the defendant by the plaintiff within this State if such performance within this State was authorized or ratified by the defendant; or

c. Arises out of a promise, made anywhere to the plaintiff or to some third party for the plaintiff's benefit, by the defendant to deliver or receive within this State, or to ship from this State goods, documents of title, or other things of value; or . . . .

The record and the facts found by Judge Bulwinkle establish that plaintiff fully complied with Rule 4(j)(9)b with respect to the alternate method of service of process by certified mail, and that the court had personal jurisdiction over defendant under the provisions of G.S. 1-75.4(5). We hold that the District Court of Lincoln County had personal jurisdiction over defendant. *International Shoe Co. v. Washington*, 326 U.S. 310, 90 L.Ed. 95, 66 S.Ct. 154 (1945); *Chadbourn, Inc. v. Katz*, 285 N.C. 700, 208 S.E. 2d 676 (1974).

[2] Next, plaintiff contends that the trial court erred by concluding as a matter of law that a default judgment could not be entered against a nonresident defendant without providing the defendant an opportunity to appear by forwarding said defendant a copy of the trial calendar at least three days prior to the term of civil court in which defendant's case has been calendared. We find merit in this contention.

A review of the Rules of Civil Procedure, the General Rules of Practice for the Superior and District Courts, and the North Carolina case law does not reveal any basis for Judge Phillips' conclusion of law to which plaintiff's Exception No. 2 relates. G.S. 1A-1, Rule 55(b)(2), requires that a defendant *who has appeared in the action* be served with written notice of the application for a default judgment at least three days prior to the hearing on the application. However, this provision is inapplicable in the present case since the defendant did not make an appearance in the action prior to the entry of default by the clerk on 10 August 1976 or the default judgment on 18 August 1976.

[3] Plaintiff contends next that Judge Phillips erred by setting aside the entry of default against the nonresident defendant. We agree with this contention.

Under Rule 55(a), entry of default by the clerk is proper "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or is otherwise subject to default judgment as provided by these rules or by statute and that fact is made to appear by affidavit or otherwise." In the present case, plaintiff filed two affidavits on 10 August 1976 showing that service was had on defendant by certified mail on 28 June 1976 pursuant to Rule 4(j)(9)b, that defendant had failed to respond within the required time, and that defendant was neither an incompetent

nor an infant. Based on this information, the clerk made an entry of default on 10 August 1976. This entry of default by the clerk must stand until properly set aside.

Rule 55(d) governs the setting aside of an entry of default and provides:

(d) *Setting aside default.* — For good cause shown the court may set aside an entry of default, and, if a judgment by default has been entered, the judge may set it aside in accordance with Rule 60(b).

In the present case, the defendant properly made and filed a motion to set aside the *default judgment* in accordance with Rules 60(b), 7(b) and 5(a), (d), (e), but he failed to make or file a motion to set aside the *entry* of default as required by Rules 55(d), 5(a), (d), (e), and 7(b).

Rule 5 sets forth the requirements for service and filing of pleadings and motions. Rule 7(b)(1) provides that "[a]n application to the court for an order shall be by motion which, unless made during a hearing or trial or at a session at which a cause is on the calendar for that session, shall be made in writing, shall state the grounds therefor, and shall set forth *the relief or order sought.* . . ." (Emphasis ours.)

In his "motion" filed 30 September 1976, defendant sets forth four motions. In the first one he asks that the default judgment dated 18 August 1976 be set aside and states several reasons therefor. In his second and third motions he asks that the default judgment be set aside on the grounds (1) of surprise, inadvertence and excusable negligence, and (2) that there is a controversy as to whether defendant is indebted to plaintiff in any amount. In the fourth motion he asks for the release of his property upon the posting of bond. At no place in his "motion" does defendant ask that the entry of default be set aside.

We hold that Judge Phillips erred in finding and concluding that the entry of default was improper and should be set aside.

[4] Plaintiff contends next that the trial court erred in setting aside the default judgment of 18 August 1976. We find no merit in this contention.

Judge Phillips' ruling setting aside the default judgment was proper because the plaintiff failed to comply with the proof of jurisdictional grounds requirement of G.S. 1-75.11 before Judge Bulwinkle granted the default judgment.

G.S. 1-75.11 provides:

Judgment against nonappearing defendant, proof of jurisdiction. — Where a defendant fails to appear in the action within apt time the court shall, before entering a judgment against such defendant, require proof of service of the summons in the manner required by § 1-75.10 and, in addition, shall require further proof as follows:

(1) Where Personal Jurisdiction Is Claimed Over the Defendant. — Where a personal claim is made against the defendant, the court shall require proof by affidavit or other evidence, *to be made and filed*, of the existence of any fact not shown by verified complaint which is needed to establish grounds for personal jurisdiction over the defendant. The court may require such additional proof as the interests of justice require. (Emphasis added.)

(2) Where Jurisdiction Is in Rem or Quasi In Rem — Where no personal claim is made against the defendant, the court shall require such proofs, by affidavit or otherwise, as are necessary to show that the court's jurisdiction has been invoked over the status, property or thing which is the subject of the action. The court may require such additional proof as the interests of justice require.

In the case at hand, plaintiff fulfilled all the requirements for entry of default by the clerk, and for default judgment under Rule 55, but he failed to meet the proof of jurisdictional grounds requirement of G.S. 1-75.11. G.S. 1-75.11 basically requires two things before a default judgment can be entered against a non-appearing defendant who was served by certified mail. First, there must be proof of service of summons in the manner required by G.S. 1-75.10(4). Plaintiff's affidavits of 10 August 1976 fulfilled this requirement. Second, "[w]here a personal claim is made against the defendant, the court shall require proof by affidavit or other evidence, *to be made and filed*, of the existence of

any fact not shown by verified complaint which is needed to establish grounds for personal jurisdiction over the defendant." (Emphasis added.) Plaintiff failed *to make and file* any *affidavit or other evidence* which showed the necessary grounds for personal jurisdiction under G.S. 1-75.4 not shown in plaintiff's verified complaint. We hold that Judge Phillips properly set aside the default judgment. *Hill v. Hill*, 11 N.C. App. 1, 180 S.E. 2d 424, *cert. denied* 279 N.C. 348, 182 S.E. 2d 580 (1971).

Finally, plaintiff contends that the trial court erred in signing the order setting aside the entry of default and the default judgment. For the reasons stated above, we conclude that the court did err in setting aside the entry of default, but it did not err in setting aside the default judgment.

The provisions of the order appealed from to which plaintiff's Exceptions 1, 2 and 3 relate, and the provision setting aside the entry of default, are vacated; the remaining provisions of the order are affirmed and this cause is remanded to the district court for further proceedings.

Reversed in part, affirmed in part, and cause remanded.

Judges PARKER and VAUGHN concur.