JULIA CONNETTE as GUARDIAN AD LITEM FOR A.M.R, A MINOR, PLAINTIFF-APPELLEE V. TINA JONES, DEFENDANT-APPELLANT

No. COA08-981

(Filed 7 April 2009)

**Process and Service— service by publication—wrong county indicated**

The trial court abused its discretion by denying defendant's motion to set aside a default judgment where the case was begun in Brunswick County but the service by publication indicated New Hanover County. Defendant would not have found the pending case against her if she had seen the publication and responded in New Hanover County. N.C.G.S. § 1A-1, Rule 4(j1).

Appeal by Defendant from orders entered 13 May 2008 and 11 June 2008 by Judge Thomas H. Lock in Superior Court, Brunswick County. Heard in the Court of Appeals 24 February 2009.

*Shipman & Wright, LLP, by Gary K. Shipman and James T. Moore, for Plaintiff-Appellee.*

*Crossley McIntosh Collier Hanley & Edes, PLLC, by Justin K. Humphries and Clay A. Collier, for Defendant-Appellant.*

McGEE, Judge.

Tina Jones, also known as Faustina Jones (Defendant), was employed as a teacher's assistant at Lincoln Primary School in Brunswick County in May of 2001. A.M.R. was a student at Lincoln Primary School at that time. Julia Connette (Plaintiff), as Guardian ad Litem for A.M.R., filed a civil action against Defendant for battery on 19 March 2003, alleging that Defendant washed A.M.R.'s mouth out with soap on 13 May 2001.

Plaintiff served Defendant with notice of the battery action by publication. The notice by publication was published in the Wilmington Star News for three consecutive weeks beginning 21 May 2003. Plaintiff filed a motion for entry of default on 11 December 2003. The Clerk of Superior Court for Brunswick County entered a notice of default against Defendant on that same day. The trial court entered a default judgment against Defendant on 12 May 2004.

Plaintiff sent a notice of right to have exemptions designated to Defendant at Defendant's mailing address on 25 February 2008, nearly four years after entry of default judgment. [R. P. 17] Defendant received the notice by certified mail on 27 February 2008.

Defendant filed a motion for relief from judgment and a supporting affidavit on 14 March 2008. Defendant alleged she was not aware of Plaintiff's action against her and that the default judgment should be set aside for misnomer and as void for lack of proper service. Defendant's motion was heard on 12 May 2008. The trial court entered an order denying Defendant's motion on 13 May 2008 and a second order on 11 June 2008 denying Defendant's motion. Defendant appeals.

Defendant argues the trial court erred in denying Defendant's motion for relief from judgment because the default judgment was void. N.C. Gen. Stat. § 1A-1, Rule 55(d) (2007) provides that a default judgment may be set aside in accordance with N.C. Gen. Stat. § 1A-1, Rule 60(b). Rule 60(b) states that "the court may relieve a party . . . from a final judgment, order, or proceeding for the following reasons: . . . (4) [t]he judgment is void[.]" N.C.G.S. § 1A-1, Rule

60(b) (2007). Motions for relief from judgment are reviewed for an abuse of discretion. *Basnight Constr. Co. v. Peters & White Constr. Co.*, 169 N.C. App. 619, 621, 610 S.E.2d 469, 470 (2005) (citing *Grant v. Cox*, 106 N.C. App. 122, 124-25, 415 S.E.2d 378, 380 (1992)).

Defendant argues in her first assignment of error that the default judgment is void for failure to serve process in conformity with N.C. Gen. Stat. § 1A-1, Rule 4(j1). Defendant argues that the trial court did not have personal jurisdiction over Defendant because the notice of service by publication incorrectly identified New Hanover County as the county in which the action was filed.

N.C.G.S. § 1A-1, Rule 4(j1) states: "The notice of service of process by publication shall (i) designate the court in which the action has been commenced." N.C. Gen. Stat. § 1A-1, Rule 4(j1) (2007). "Service of process by publication is in derogation of the common law and statutes authorizing it are strictly construed . . . in determining whether service has been made in conformity with the statute." *Emanuel v. Fellows*, 47 N.C. App. 340, 345, 267 S.E.2d 368, 371 (1980) (citing *Sink v. Easter*, 284 N.C. 555, 560, 202 S.E.2d 138, 142, *rehearing denied*, 285 N.C. 597 (1974); and *Thomas v. Thomas*, 43 N.C. App. 638, 645, 260 S.E.2d 163, 168 (1979)).

Our Supreme Court held that a judgment in a divorce action was void because the notice of service by publication listed the wrong county in which the action had been commenced. *Guerin v. Guerin*, 208 N.C. 457, 181 S.E. 274 (1935). In *Guerin*, the publication notice should have named Alamance County as the court where the action was commenced, but instead listed Durham County. *Id.* at 458, 181 S.E. at 274. Our Supreme Court stated:

It is manifest that the defendant has never been given notice of any action by her husband against her in Alamance [C]ounty. . . . "Jurisdiction of the party, obtained by the court in some way allowed by law, is essential to enable the court to give a valid judgment against him." Since the defendant . . . has never been given notice of any action pending against her in Alamance County, she has never been served with process, and for that reason the judgment entered against her was void.

*Id.* (quoting *Stancill and Gay v. Gay*, 92 N.C. 462, 463 (1885)).

In the case before us, the publication notice stated, "NOTICE OF SERVICE OF PROCESS BY PUBLICATION STATE OF NORTH CAROLINA, NEW HANOVER COUNTY IN THE SUPERIOR COURT."

However, the case was actually commenced in Brunswick County. Similar to *Guerin*, even had Defendant seen the publication notice and responded to it in New Hanover County, Defendant would not have found the pending case against her commenced in Brunswick County. We find *Guerin* controlling and therefore agree with Defendant that the default judgment was void since the service by publication in this case failed to correctly list Brunswick County as the county where the action was commenced.

Because the default judgment was void, we find the trial court abused its discretion in not granting Defendant's motion to set aside the judgment. *See Cotton v. Jones*, 160 N.C. App. 701, 586 S.E.2d 806 (2003) (holding the trial court abused its discretion in denying the defendant's motion for relief from judgment where the judgment was void because the plaintiff failed to make diligent efforts to locate the defendant before service by publication). Therefore, we are required to reverse the 13 May 2008 and 11 June 2008 orders denying Defendant's relief from judgment. Based on the above, we need not address Defendant's remaining assignments of error.

Reversed and remanded.

Judges GEER and BEASLEY concur.