COASTAL FEDERAL CREDIT UNION, Plaintiff v. MELISSA OVERCASH FALLS and STEPHEN ANTHONY OVERCASH, Defendants

No. COA11-331

(Filed 15 November 2011)

**1. Judgments—default judgment—appearance prior to entry**

The trial court erred by denying defendants' motion to set aside a default judgment under N.C.G.S. § 1A-1, Rule 60(b)(4) based on an alleged appearance prior to entry of a default judgment. The case was remanded to the trial court to make findings as to when defendants made contact with plaintiff's law firm and to make the appropriate conclusions of law based on those findings.

**2. Judgments—entry of default—good cause—potential injustice—meritorious defense**

The trial court erred by failing to consider setting aside the entry of default based on good cause under N.C.G.S. § 1A-1, Rule 55(d). The findings showed a potential injustice to defendants if they were not allowed to defend the action based on a meritorious defense and the trial court may have found there was good cause had the default judgment not already been entered. If the

trial court concludes on remand that defendants had appeared and the default judgment was thus void, the trial court should then determine whether defendants have shown "good cause" under Rule 55(d) to set aside the entry of default.

Appeal by defendants from order entered 13 January 2011 by Judge Richard Abernethy in District Court, Gaston County. Heard in the Court of Appeals 29 September 2011.

*Kirschbaum, Nanney, Keenan & Griffin, P.A., by Krista F. Norstog Leonard, for plaintiff-appellee.*

*The Bumgardner Law Firm, by Thomas D. Bumgardner, for defendants-appellants.*

STROUD, Judge.

Melissa Overcash Falls and Stephen Anthony Overcash (referred to collectively as "defendants") appeal from a trial court's order denying their motion to set aside entry of default and default judgment. For the following reasons, we remand for further findings of fact.

## I. Background

On 11 May 2010, Coastal Federal Credit Union ("plaintiff") filed suit against defendants alleging that defendants had defaulted under the terms of an installment sales contract for a 2001 Ford F-350 truck, which was entered into on 6 May 2006. Plaintiff requested that the court award the deficiency due, $26,000.00, plus interest, and attorney's fees. On 18 June 2010, plaintiff filed a "motion and affidavit for entry of default and default judgment" alleging that "[c]ounsel for Plaintiff, upon information and belief, says that the Defendants have failed to plead and that no extension of time in which to file pleadings has been requested, and the time within which an Answer or other responsive pleading may be filed has expired[,]" and "[u]pon information and belief, Defendants have failed to appear, either personally or by representative, and are not infants nor incompetents." On 18 June 2010, the Gaston County Assistant Clerk of Superior Court allowed plaintiff's motion and entered default and default judgment against both defendants for the sum requested, including interest, and awarded $3,900.00 in attorney's fees. On 2 November 2010, defendants filed a verified motion to set aside entry of default and default judgment pursuant to N.C. Gen. Stat. § 1A-1, Rules 6, 55, and 60, alleging that "[d]uring the summer of 2010 and prior to the entry of default" defendant Falls had been in contact with the law firm repre-

senting plaintiff in this action and had talked with an employee named "Joyce" who had attempted to set up a payment plan for the debt; this communication amounted to an "appearance" pursuant to Rule 55(b), which required plaintiff to serve defendants with written notice of the application for judgment; and because no notice was ever given to defendants, the default judgment against defendants is void and should be set aside pursuant to Rule 60(b).[1] Defendants also argued that the original contract did not call for the payment of attorney's fees upon breach of the contract and they had a

> meritorious defense in this action because the automobile that provides the subject matter of the contract dispute was fully insured by Farm Bureau Insurance Company . . . and the Defendants should have the ability to pursue a third-party claim against their insurance company for the full satisfaction of the loan alleged in the Plaintiff's complaint.

In response to this motion, on 9 December 2010 plaintiff filed the "affidavit of Joyce B. Courtney" custodian of business records at the law firm representing plaintiff. The affidavit stated that, according to their records, "[a]fter the filing of the Complaint on May 11, 2010, and prior to the Entry of Default and Judgment by Default, on June 18, 2010, no communications with [plaintiff's law firm] were made by the Defendants or others acting on their behalf" but it was not until "June 28, 2010, [that] Defendant Falls made contact with [plaintiff's firm]" and Ms. Courtney spoke with defendant Falls regarding setting up a payment plan, after default judgment had been entered. In response to defendant's allegations that she spoke with defendant Falls, Ms. Courtney stated "I did not speak with Defendant Falls, Defendant Overcash, or any party acting on their behalf prior to the Entry of Default and Judgment by Default on June 18, 2010[.]" Included with the affidavit was a "History Report" detailing the firm's work on plaintiff's case, including each contact that the firm attempted to make with defendants'. There is no contact by either defendant noted until 28 June 2010. By order entered 13 January 2011, the trial court denied defendants motion to set aside the entry of default and default judgment. On 19 January 2011, defendants gave notice of appeal from the 13 January 2011 order.

---

1. Defendants did not allege or argue "mistake, inadvertence, surprise, or excusable neglect" under N.C. Gen. Stat. § 1A-1, Rule 60(b)(1) but relied entirely upon Rule 60(b)(4).

**COASTAL FED. CREDIT UNION v. FALLS**

[217 N.C. App. 100 (2011)]

## II. Appearance

**[1]** Defendants first contend that "the trial court committed reversible error by denying [their] motion to set aside the default judgment pursuant to Rule 60(b)(4) because the judgment entered by the clerk was void[,]" as they made an appearance prior to entry of default judgment.

We have stated that

> N.C. Gen. Stat. § 1A-1, Rule 55(d) (2007) provides that a default judgment may be set aside in accordance with N.C. Gen. Stat. § 1A-1, Rule 60(b). Rule 60(b) states that "the court may relieve a party . . . from a final judgment, order, or proceeding for the following reasons: . . . (4) [t]he judgment is void[.]" N.C.G.S. § 1A-1, Rule 60(b) (2007). Motions for relief from judgment are reviewed for an abuse of discretion. *Basnight Constr. Co. v. Peters & White Constr. Co.*, 169 N.C. App. 619, 621, 610 S.E.2d 469, 470 (2005) (citing *Grant v. Cox*, 106 N.C. App. 122, 124-25, 415 S.E.2d 378, 380 (1992)).

*Connette v. Jones*, 196 N.C. App. 351, 352-53, 674 S.E.2d 751, 752 (2009). Further in the context of a default judgment, we have stated that

> " '[w]hen the trial court sits without a jury, the standard of review on appeal is whether there was competent evidence to support the trial court's findings of fact and whether its conclusions of law were proper in light of such facts.' " *Knight v. Higgs*, 189 N.C. App. 696, 699, 659 S.E.2d 742, 746 (2008) (citation omitted). " 'Effective appellate review of an order entered by a trial court sitting without a jury is largely dependent upon the specificity by which the order's rationale is articulated.' " *In re D.R.B.*, 182 N.C. App. 733, 736, 643 S.E.2d 77, 79 (2007) (citation omitted). Evidence must support the findings, the findings must support the conclusions of law, and the conclusions of law must support the ensuing judgment. *Lake Gaston Estates Prop. Owners Ass'n v. County of Warren*, 186 N.C. App. 606, 610, 652 S.E.2d 671, 673 (2007).

*Jackson v. Culbreth*, 199 N.C. App. 531, 537, 681 S.E.2d 813, 817 (2009).

Defendants' first argument on appeal is the same as their first argument in their motion to set aside entry of default and default judgment: Defendants made contact with an employee at plaintiff's law firm to set up a payment plan prior to entry of default judgment; this contact was an "appearance" pursuant to Rule 55(b); thus, they

COASTAL FED. CREDIT UNION v. FALLS

[217 N.C. App. 100 (2011)]

were entitled to notice of the motion for entry of default judgment, which they did not receive; and the clerk did not have jurisdiction to enter the default judgment. N.C. Gen. Stat. § 1A-1, Rule 55(b) (2009), states that judgment by default may be entered:

(1) By the Clerk.—When the plaintiff's claim against a defendant is for a sum certain or for a sum which can by computation be made certain, the clerk upon request of the plaintiff and upon affidavit of the amount due shall enter judgment for that amount and costs against the defendant, if the defendant has been defaulted for *failure to appear* and if the defendant is not an infant or incompetent person. A verified pleading may be used in lieu of an affidavit when the pleading contains information sufficient to determine or compute the sum certain.

. . . .

(2) By the Judge.—

a. In all other cases the party entitled to a judgment by default shall apply to the judge therefor; . . . . If the party against whom judgment by default is sought *has appeared* in the action, that party (or, if appearing by representative, the representative) shall be served with written notice of the application for judgment at least three days prior to the hearing on such application. . . .

(Emphasis added.) Therefore, if a defendant makes an "appearance in the plaintiff's action for the purposes of Rule 55, it follows that plaintiff [is] required to provide the three days' notice." *Stanaland v. Stanaland*, 89 N.C. App. 111, 115, 365 S.E.2d 170, 172 (1988). We have further noted that

this statute is clearly intended to allow a clerk to enter default judgment against a defendant only if he has never made an appearance. Moreover, when a party, or his representative, has appeared in an action and later defaults, then G.S. 1A-1, Rule 55(b) requires that the judge, rather than the clerk, enter the judgment by default after the required notice has been given.

*Roland v. W & L Motor Lines, Inc.*, 32 N.C. App. 288, 291, 231 S.E.2d 685, 688 (1977) (citations omitted).

As a general rule, an "appearance" in an action involves some presentation or submission to the court. However, it has been stated that a defendant does not have to respond directly to a complaint in order for his actions to constitute an appearance. In fact, an

> appearance may arise by implication when a defendant takes, seeks, or agrees to some step in the proceedings that is beneficial to himself or detrimental to the plaintiff.

*Id.* at 289, 231 S.E.2d at 687 (citations omitted). This Court has held that when a defendant does not make an appearance prior to the entry of default by the clerk or default judgment, the plaintiff is not required to serve written notice of application of a default judgment at least three days prior to the hearing on the application. *North Brook Farm Lines, Inc. v. McBrayer*, 35 N.C. App. 34, 39, 241 S.E.2d 74, 77 (1978).

Defendants do not challenge any of the findings of fact as not being supported by the evidence. Instead defendants argue that the findings do not support the trial court's conclusion that "[t]he communications between the Defendant Falls and employees of the Plaintiff's attorney do not constitute an 'appearance' as that term is utilized by Rule 55 of the North Carolina Rules of Civil Procedure[.]" Defendants argue that the findings "confirm the Defendants' position by expressly concluding that Melissa Overcash acting on her own and as an agent for her father, 'spoke with an employee named 'Joyce' who attempted to organize a payment plan so that Falls could satisfy the loan's balance' " and "makes plain that theses communications occurred between Falls and the Plaintiff's law firm 'after [Falls and Overcash] were served with the complaint and prior to the expiration of her time to file responsive pleadings as required by law[.]' " Defendants, citing several cases, also argue that defendant Falls' contact with the law firm amounted to an appearance. Plaintiff counters that defendants are misconstruing the trial court's findings, as finding number three is "a recital of [defendants'] allegations only, not as a finding that said allegations are true" but it is finding of fact four, which includes plaintiff's evidence, that supports the trial court's conclusion that the order of entry of default and default judgment is not void. (Emphasis in original.)

The trial court's relevant findings of fact state:

> 3. The Defendant's verified motion reveals that after being served with the complaint and prior to the expiration of her time to file responsive pleadings as provided by law, Melissa Falls contacted the law firm of Kirschbaum, Nanney, Keenan & Griffin, P.A. to inquire about the status of the action. Falls spoke with an employee named "Joyce," who attempted to organize a payment plan for Falls to satisfy the loan's balance.

During June, July, and August the Defendant Falls continued her attempts to organize a payment plan with the Plaintiff's law firm. Following her conversations with the Plaintiff's law firm, Falls informed her father, Stephen Overcash, that she was working on a compromise with the Plaintiff's attorney and that no further action was necessary on his part. Defendant Overcash reasonably relied upon his daughter's statements and took no further action.

4. Although Ms. Falls remains adamant that the communications between herself and the Plaintiff's attorney's law firm occurred prior to 18 June 2010, the Plaintiff's affidavit in response to the Defendant's verified motion contends that neither Defendant contacted the law firm until 28 June 2010. Furthermore, the partial records attached to the Plaintiff's affidavit appear to reveal that neither Defendant contacted the Plaintiff's attorney's firm prior to the entry of default and default judgment.

5. On 18 June 2010, the Plaintiff filed a motion for entry of default and for a default judgment before the Clerk of Gaston County Superior Court. The Plaintiff never provided notice to the Defendants of this hearing, and neither of the Defendants were present when the clerk entered the Defendants' default and judgment in favor of the Plaintiff. Furthermore, the Plaintiff never served the Defendants with the default judgment.

According to Rule 55(b), for any contact by defendant to amount to an "appearance[,]" it must occur before entry of default judgment. *See* N.C. Gen. Stat. § 1A-1, Rule 55(b). As the parties' arguments indicate, it is not clear whether the trial court found if defendants contacted plaintiff's law firm before or after entry of default judgment, as its findings on this issue are merely recitations of the parties' evidence. "Where there is directly conflicting evidence on key issues, it is especially crucial that the trial court make its own determination as to what pertinent facts are actually established by the evidence, rather than merely reciting what the evidence may tend to show." *In re Gleisner*, 141 N.C. App. 475, 480, 539 S.E.2d 362, 366 (2000). If no contact whatsoever was made with plaintiff prior to the entry of the default judgment, then defendants made no "appearance" and no notice was required and the clerk of court could properly enter default judgment. *See* N.C. Gen. Stat. § 1A-1, Rule 55(b); *North Brook Farm Lines, Inc.*, 35 N.C. App. at 39, 241 S.E.2d at 77. But if defendants made an appearance prior to entry of judgment, the clerk of court had no jurisdiction to enter the default judgment. *See Roland,*

32 N.C. App. at 291, 231 S.E.2d at 688 (holding that because the defendants had made an appearance default judgment filed by the clerk was void). Therefore, we remand to the trial court to make findings as to when defendants made contact with plaintiff's law firm and to make the appropriate conclusions of law based upon those findings.

### III. Entry of default

[2] Defendants also contend that the "trial court committed reversible error because the entry of default should have been set aside pursuant to Rule 55(d)[,]" because good cause existed as defendants "possess a meritorious defense against Coastal Federal through a third-party claim against their insurance company." Defendants argue that the trial court's findings of fact, that "the vehicle that provides . . . the subject matter of this lawsuit was stolen and suffered a total loss[;]" defendants "maintained comprehensive insurance coverage for this vehicle[;]" and defendants had purchased Guaranteed Automobile Protection or "GAP" insurance coverage, show that they had a valid third-party claim and a meritorious defense that should have been permitted to go forward.

In their "motion to set aside entry of default and default judgment" defendants made the following argument as to their meritorious defense:

7. Finally, the Defendants have a meritorious defense in this action because the automobile that provides the subject matter of the contract dispute was fully insured by Farm Bureau Insurance Company, . . . and the Defendants should have the ability to pursue a third-party claim against their insurance company for the full satisfaction of the loan alleged in the Plaintiff's complaint.

The trial court made the following relevant findings:

7. According to the verified complaint and arguments of counsel, this is an action to recover a debt incurred by the Defendants arising out of the purchase of an automobile on 6 May 2006. In October of 2007, the automobile that provides the subject matter of this action was stolen and suffered a total loss. Although the Defendants maintained comprehensive insurance coverage for this vehicle, the Defendants' insurance company never paid the fair market value.

8. Furthermore, when the Defendants originally purchased the vehicle, they also purchased Guaranteed Automobile Protection or "GAP" coverage, which would have satisfied the difference

between the fair market value of the car and the total amount remaining on their financing agreement.

9. Therefore, the Defendants appear to have a valid third-party claim against their insurance company and the entity providing GAP protection, which would absolve them from any liability to the Plaintiff.

We have stated that "[d]efault is a two-step process requiring (i) the entry of default and (ii) the subsequent entry of a default judgment." *West v. Marko*, 130 N.C. App. 751, 754, 504 S.E.2d 571, 573 (1998) (citation omitted). An entry of default may be set aside "[f]or good cause shown" but a default judgment may be set aside only "in accordance with Rule 60(b)." N.C. Gen. Stat. § 1A-1, Rule 55(d). Allowing entry of default to be set aside for "good cause shown" "gives a court greater freedom in granting relief than is available in the case of default judgments. . . . Courts are willing to grant relief from a default entry more readily and with a lesser showing than they are in the case of a default judgment." *West*, 130 N.C. App. at 755, 504 S.E.2d at 573 (citation omitted). "[W]hat constitutes 'good cause' depends on the circumstances in a particular case, and within the limits of discretion[,]" *Brown v. Lifford*, 136 N.C. App. 379, 381, 524 S.E.2d 587, 588 (2000), and in making that determination the court "balance[s] the defendant's diligence with the following additional factors when deciding whether to set aside an entry of default: (1) the harm suffered by the plaintiff by virtue of the delay and (2) the potential injustice to the defendant if not allowed to defend the action." *Atkins v. Mortenson*, 183 N.C. App. 625, 628, 644 S.E.2d 625, 627 (2007) (citations omitted). Here, the above findings show a "potential injustice to the defendant[s] if [they are] not allowed to defend the action[,]" *see id.*, as they indicate defendants may have had a meritorious defense. Therefore, because relief from an entry of default requires "a lesser showing than . . . in the case of a default judgment[,]" *see West*, 130 N.C. App. at 755, 504 S.E.2d at 573, the trial court may have found that there was "good cause" to set aside the entry of default, had the default judgment not already been entered. However, unless the clerk entered the default judgment without jurisdiction because defendants had "appeared" prior to entry of the default judgment, these findings are unnecessary to the conclusions of law and are therefore superfluous. If the trial court were to conclude, on remand, that defendants had appeared and the default judgment is thus void, the trial court should then determine whether defendants have shown "good cause" under Rule 55(d) to set aside the entry of default as

IN RE C.L.

[217 N.C. App. 109 (2011)]

well. For the foregoing reasons, we remand to the trial court for further consideration, based upon its findings of fact and conclusions of law as to the default judgment.

REMANDED.

Judges GEER and THIGPEN concur.