NANCY P. SEARLES v. HAROLD N. SEARLES

No. 9029DC25

(Filed 4 December 1990)

**Appeal and Error § 40 (NCI4th); Rules of Civil Procedure § 58 (NCI3d)— decision announced in open court—no entry of judgment—no jurisdiction in appellate court—judgment not enforceable**

An appeal in an equitable distribution action was dismissed because the Court of Appeals lacked jurisdiction over the case where the trial court announced in general terms its decision as to how the property was to be divided; the trial court directed the defendant's attorney to draft a judgment; the plaintiff gave oral notice of appeal in open court and subsequently served written notice of appeal; and defendant's attorney never drafted the judgment. Entry of judgment did not occur in compliance with any of the provisions of N.C.G.S. § 1A-1, Rule 58 and notice of appeal given after the general terms of the judgment were announced in open court was not alone sufficient to vest jurisdiction in the Court of Appeals. An announcement of judgment in open court constitutes the rendition of judgment, not its entry, and entry of judgment by the trial court is the event which vests jurisdiction in the Court of Appeals. Not only is there no effective judgment for the purposes of appeal, the judgment is not enforceable as between the parties.

**Am Jur 2d, Appeal and Error § 301.**

Chief Judge HEDRICK concurs in the result.

APPEAL by plaintiff from judgment rendered 22 August 1989 by *Judge Loto J. Greenlee* in TRANSYLVANIA County District Court. Heard in the Court of Appeals 27 August 1990.

*George T. Perkins, III, for plaintiff-appellant.*

*Ladson F. Hart for defendant-appellee.*

GREENE, Judge.

The plaintiff appeals from an equitable distribution proceeding completed on 22 August 1989.

The parties were married on 2 September 1982. On 12 May 1988, the plaintiff filed a divorce complaint and a request for equitable distribution. The divorce was granted on 30 August 1988.

The equitable distribution proceeding began on 21 August 1989. The transcript indicates that on 22 August 1989, the trial court announced in general terms its decision as to how the property was to be divided. At the end of the proceeding, the trial court directed the defendant's attorney to draft a judgment, to allow the plaintiff's attorney to examine it, and to then send it to the court. The record indicates that the defendant's attorney never drafted the judgment.

At the end of the proceedings on 22 August 1989, the plaintiff gave oral notice of appeal in open court. The plaintiff also subsequently served written notice of appeal, filed 15 September 1989.

On appeal, the defendant moves to dismiss under Rules 25(b) and 9(a)(1) of the North Carolina Rules of Appellate Procedure upon the grounds that the plaintiff failed to include in the record a copy of the judgment the defendant's attorney was directed to draft.

---

The dispositive issue is whether this Court has jurisdiction over the case. We conclude that it does not.

We first note that the record on appeal does not include a judgment, and failure to include such in the record on appeal subjects the appeal to dismissal. N.C.R. App. P. 9(a)(1). *See also Wiseman v. Wiseman,* 68 N.C. App. 252, 255, 314 S.E.2d 566, 567-68 (1984).

However, we do not dismiss this appeal for failure to comply with Rule 9, but because the record reveals that no judgment was entered by the trial court. Since entry of judgment is jurisdictional this Court is without authority to entertain an appeal where there has been no entry of judgment. *Logan v. Harris*, 90 N.C. 7 (1884).

Entry of judgment is governed by Rule 58 of our Rules of Civil Procedure which provides:

> Subject to the provisions of Rule 54(b): Upon a jury verdict that a party shall recover only a sum certain or costs or that all relief shall be denied or upon a decision by the judge in open court to like effect, the clerk, in the absence of any contrary direction by the judge, shall make a notation in his minutes of such verdict or decision and such notation shall constitute the entry of judgment for the purposes of these rules. The clerk shall forthwith prepare, sign, and file the judgment without awaiting any direction by the judge.

> In other cases where judgment is rendered in open court, the clerk shall make a notation in his minutes as the judge may direct and such notation shall constitute the entry of judgment for the purposes of these rules. The judge shall approve the form of the judgment and direct its prompt preparation and filing.

> In cases where judgment is not rendered in open court, entry of judgment for the purposes of these rules shall be deemed complete when an order for the entry of judgment is received by the clerk from the judge, the judgment is filed and the clerk mails notice of its filing to all parties. The clerk's notation on the judgment of the time of mailing shall be prima facie evidence of mailing and the time thereof.

N.C.R. Civ. P. 58 (1983).

Since this action is for equitable distribution, it does not involve recovery of a "sum certain or costs" as required by paragraph one. Furthermore, the record does not indicate that the clerk made any notation in the minutes as required by paragraph one. The second paragraph of Rule 58 is inapplicable because the transcript does not indicate that the court directed the clerk to make a notation of judgment, and because the record does not contain such a notation.

SEARLES v. SEARLES

[100 N.C. App. 723 (1990)]

Under paragraph three of Rule 58, three separate events must occur before entry of judgment will be deemed complete. First, the clerk must receive an order from the trial judge for the entry of judgment. Second, the judgment must be filed. Third, the clerk must mail notice of filing to all parties. Since no judgment was prepared and filed in this case, entry of judgment did not occur under paragraph three of Rule 58. Consequently, entry of judgment did not occur in compliance with any of the provisions of Rule 58 and this appeal must be dismissed.

We reject any argument that notice of appeal given after the general terms of the judgment are announced in open court is, alone, sufficient to vest jurisdiction in this Court. An announcement of judgment in open court constitutes the rendition of judgment, not its entry. See *Kirby Building Systems v. McNiel*, 327 N.C. 234, 240, 393 S.E.2d 827, 830 (1990) (contrasting rendition of judgment and entry of judgment). Rendition of judgment merely marks the beginning of the time during which a party may give timely notice of appeal. See N.C.R. App. P. 3 (appeal *may* be taken from a judgment which has been rendered, but appeal *must* be taken within thirty days after entry of judgment). While timely notice of appeal generally divests the trial court of jurisdiction, see *Kirby*, notice of appeal does not remove the authority of the trial court to enter its written judgment where it conforms substantially with the court's oral announcement. *Morris v. Bailey*, 86 N.C. App. 378, 389, 358 S.E.2d 120, 126 (1987); see also *Truesdale v. Truesdale*, 89 N.C. App. 445, 447, 366 S.E.2d 512, 514 (1988) (notice of appeal does not prevent the court from approving the form of its judgment and making findings and conclusions necessary to prepare and file judgment). We hold that, not only does the court have the authority to subsequently enter a judgment which conforms to its rendered judgment, entry of judgment by the trial court is the event which vests jurisdiction in this Court, and the judgment is not complete for the purpose of appeal until its entry. 2 McIntosh, *North Carolina Practice and Procedure* § 1621 (2d ed. 1956). *See also Logan.*

The circumstances which cause us to dismiss this appeal are particularly troublesome because the defendant now benefits from a dismissal of plaintiff's appeal brought about by the defense counsel's failure to draft the judgment as directed by the court. However, not only is there no effective judgment for the purposes of appeal, the judgment is not enforceable as between the parties to this

action as it has not been entered. *See McIntosh* (judgment not complete for purpose of enforcement until its entry).

We acknowledge the present North Carolina practice in which the trial court usually delegates the drafting of judgments and orders to counsel. However, the delegation of this responsibility does not relieve the trial court of its ultimate responsibility.

> A judgment is an act of the court, not counsel. [The trial judge] may not escape responsibility for any judgments signed by him by delegating their preparation to counsel or anyone else. "The trial judge cannot be too careful to make certain that his judgments and orders are accurate and complete, regardless of who takes the primary responsibility of preparing them." The National Conference of State Trial Judges, The State Trial Judges Book 197 (2d ed. 1969).

*In re Crutchfield*, 289 N.C. 597, 603, 223 S.E.2d 822, 825 (1975).

We note in passing that a 1963 amendment to Federal Rule 58 specifically discourages such delegation of order preparation to trial counsel. The rule provides that "[a]ttorneys shall not submit forms of judgment except upon direction of the court, and these directions shall not be given as a matter of course." Fed. R. Civ. P. 58.

Accordingly, as the judgment from which the plaintiff attempts to appeal has not been entered by the trial court, this appeal is dismissed.

Dismissed.

Judge ARNOLD concurs.

Chief Judge HEDRICK concurs in the result.