**IN RE ESTATE OF WALKER**

[113 N.C. App. 419 (1994)]

IN RE THE ESTATE OF SAMUEL W. WALKER, Deceased

No. 9319SC127

(Filed 18 January 1994)

**Judgments § 27 (NCI4th)— announcement of judgment in open court—no entry of judgment—no jurisdiction in Court of Appeals**

Announcement of judgment in open court merely constituted rendition of judgment, not its entry, and entry of judgment was required before jurisdiction vested in the Court of Appeals. N.C.G.S. § 1A-1, Rule 58.

**Am Jur 2d, Judgments §§ 160 et seq.**

Appeal by executor and trustee Wachovia Bank of North Carolina, N.A. from order rendered in open court 12 November 1992 by Judge Thomas W. Ross in Randolph County Superior Court. Heard in the Court of Appeals 2 December 1993.

*Wyatt Early Harris Wheeler & Hauser, by William E. Wheeler, for appellant Wachovia Bank of North Carolina, N.A.*

*Ivey and Wilhoit, by William W. Ivey, for appellee Lurlene S. Millikan.*

WYNN, Judge.

On 21 July 1989, Samuel W. Walker executed an inter vivos revocable trust and a will naming appellant Wachovia Bank of North Carolina, N.A. (Wachovia) as both trustee and executor. The terms of the trust directed Wachovia, upon Mr. Walker's death, to use all the trust income and principal for the support of Mr. Walker's wife, Verda Morgan Walker. Mrs. Walker was adjudicated an incompetent in 1990 and Lurlene S. Millikan was appointed as her general guardian.

Mr. Walker died on 4 June 1991, and Wachovia was granted letters testamentary as executor of the estate. Mrs. Millikan wrote Wachovia and requested monthly payments from the trust in the amount of $3,800 to cover Mrs. Walker's care. On 10 December 1991, Mrs. Millikan, on Mrs. Walker's behalf, filed a dissent to Mr. Walker's will. Wachovia then stopped making the monthly payments from the trust. Wachovia challenged the dissent, assert-

ing that by accepting the monthly payments from the trust Mrs. Walker had waived her right to dissent from the will. The clerk of court ruled Mrs. Walker had not waived her right to dissent. Wachovia appealed to the superior court and, after conducting a hearing, the court rendered an oral order that Mrs. Walker had not waived her right to dissent. From that order, Wachovia appeals.

---

The dispositive issue is whether entry of judgment has occurred in this case such that this Court has jurisdiction to address the merits. We conclude that we lack jurisdiction over this appeal.

The record reveals that no judgment was entered by the superior court. The only indication there was a judgment in this case is the following statement in the record:

> Judge Ross duly conducted a hearing in the above-entitled matter on November 12, 1992 upon the issue of whether or not any right that Mrs. Verda Morgan Walker may have had to dissent from the last will and testament of Samuel W. Walker was waived, of which hearing all parties had due and proper notice. [At the conclusion of that hearing, Judge Ross ruled in open court that based on the evidence presented, Ms. Verda Morgan Walker had not waived any right of dissent that she may have had to the last will and testament of Samuel W. Walker,] which order was not reduced to writing.

This purported order is not sufficient to vest this Court with jurisdiction. This announcement of judgment in open court merely constitutes the rendition of judgment, not its entry. *Searles v. Searles*, 100 N.C. App. 723, 398 S.E.2d 55 (1990). N.C. Gen. Stat. § 1A-1, Rule 58 specifies the requirements for entry of judgment. Since none of the requirements have been met in the instant case, there was no entry of judgment.

Entry of judgment by the trial court is the event which vests jurisdiction in this Court, and the judgment is not complete for the purpose of appeal until its entry. *Searles*, 100 N.C. App. at 726, 398 S.E.2d at 57. Since entry of judgment is jurisdictional, this Court has no authority to hear an appeal where there has been no entry of judgment. *Id.* at 725, 398 S.E.2d at 55.

At oral argument, both parties acknowledged that if this appeal was dismissed they would merely obtain an entry of judgment and appeal again. Despite this acknowledgment, we still must dismiss

**IN RE ESTATE OF WALKER**

[113 N.C. App. 419 (1994)]

this appeal since we lack jurisdiction. *See Mason v. Moore County Bd. of Comm'rs*, 229 N.C. 626, 629, 51 S.E.2d 6, 8 (1948) ("If [the record] fails to disclose the necessary jurisdictional facts we have no authority to do more than dismiss the appeal.")

For the foregoing reasons, this appeal must be

Dismissed.

Judges COZORT and GREENE concur.