MATTHEW ALLEN WORSHAM, Plaintiff v. RICHBOURG'S SALES AND RENTALS, INC., Defendant/Third-Party Plaintiff v. THE McKENZIE COMPANY OF PINEHURST, Third-Party Defendant

No. COA96-421

(Filed 17 December 1996)

**Judgments § 27 (NCI4th)— dismissed appeal— written judgment constitutes entry**

The Court of Appeals dismissed plaintiff's appeal because judgment had not been entered where the parties and the trial court mistakenly believed that the court's decision announced in open court on 4 October 1994, but never reduced to writing, constituted entry of judgment. Judgments subject to entry on or after 1 October 1994 are governed by amended Rule 58 of the Rules of Civil Procedure which provides that entry of judgment occurs when it is reduced to writing, signed by the judge, and filed with the clerk of court. N.C.G.S. § 1A-1, Rule 58.

**Am Jur 2d, Judgments § 78.**

**Modern status of state court rules governing entry of judgment on multiple claims. 80 ALR4th 707.**

**What constitutes entry of judgment within meaning of Federal Rules of Civil Procedure 58. 10 ALR Fed. 709.**

Appeal by plaintiff from judgment rendered 4 October 1995 by Judge James M. Webb in Moore County Superior Court. Heard in the Court of Appeals 25 November 1996.

*Cunningham, Dedmond, Petersen & Smith, by Bruce T. Cunningham, Jr., for plaintiff-appellant.*

*Yates, McLamb & Weyher, L.L.P., by Derek M. Crump and Travis K. Morton, for defendant-appellee Richbourg's Sales and Rentals, Inc.*

*Templeton & Raynor, P.A., by Kenneth R. Raynor and Marcey P. Rose, for third-party defendant-appellee The McKenzie Company of Pinehurst.*

JOHNSON, Judge.

Plaintiff instituted this action on 20 December 1993 by filing a complaint seeking to recover for injuries that he incurred as a result of the alleged negligence of defendant Richbourg Sales and Rentals, Inc. (defendant). Defendant filed an answer and third-party complaint, seeking indemnification from third-party defendant, the McKenzie Company of Pinehurst. After the third-party defendant filed an answer, the matter was tried before a jury on 4 October 1994. At the close of all of the evidence, defendant renewed its motion for a directed verdict. The court granted the motion, and plaintiff filed written notice of appeal on the following day.

The record on appeal does not contain a written judgment signed by the court. The transcript shows that after allowing the motion, the court indicated to the parties that it did not think a written order signed by the court was necessary, as long as the court's ruling in open court was noted by the clerk. The parties' attorneys concurred with the court. By so thinking, the court and the attorneys were in error.

Had this matter been tried prior to 1 October 1994, the court and parties would have been correct because a notation by the clerk in the minutes of a court's decision announced in open court at that

WORSHAM v. RICHBOURG'S SALES AND RENTALS

[124 N.C. App. 782 (1996)]

time constituted entry of judgment. *See* N.C. Gen. Stat. § 1A-1, Rule 58 (1990). Judgments, however, subject to entry on or after 1 October 1994, are governed by amended Rule 58 of the Rules of Civil Procedure which provides that entry of judgment occurs "when it is reduced to writing, signed by the judge, and filed with the clerk of court." N.C. Gen. Stat. § 1A-1, Rule 58 (Cum. Supp. 1995); 1993 N.C. Sess. Laws ch. 594, s.1. The announcement of judgment in open court is the mere rendering of judgment, not the entry of judgment. *Kirby Building Systems v. McNiel*, 327 N.C. 234, 393 S.E.2d 827 (1990), *reh'g denied*, 328 N.C. 275, 400 S.E.2d 453 (1991). The entry of judgment is the event which vests this Court with jurisdiction. *Searles v. Searles*, 100 N.C. App. 723, 398 S.E.2d 55 (1990). Not only is it not complete for purposes of appeal, but a judgment is also not enforceable between the parties until it is entered. *Id.* Because the judgment from which plaintiff attempts to appeal has not been entered by the trial court, this appeal must be dismissed. *Id.* Once judgment is entered, plaintiff may again appeal.

Appeal dismissed.

Judges WALKER and McGEE concur.

Judge Johnson participated in this opinion prior to his retirement on 1 December 1996.