JEFFREY D. WEST, Plaintiff v. DIANNA L. MARKO, Defendant

No. COA97-1324

(Filed 15 September 1998)

1. **Judgments— default—entry set aside—subsequent custody order not affected**

   An order to set aside an entry of default gained defendant nothing in a child custody action and a subsequent "Final Custody Order" was vacated where the assistant clerk of superior court filed an entry of default against defendant on 9 July 1996, the trial court held a hearing and awarded plaintiff custody in an order dated 5 August 1996, the trial court entered an order to set aside the entry of default on 13 November 1996, and a "Final Custody Order" granting defendant custody was entered on 10 March 1997 after a hearing. The 13 November order setting aside entry of default did not purport to set aside the 5 August custody order and that order therefore remained binding and enforceable.

2. **Judgments— entry—oral order vacating child custody**

   A child custody order entered on 10 March 1997 was vacated where plaintiff had obtained custody in an order on 5 August 1996 following defendant's default, defendant obtained an order set-

ting aside the entry of default, and the court entered an order on 10 March 1997 giving custody to plaintiff but making no findings of changed circumstances. The court orally vacated the 5 August order, but the record does not reveal any written order signed by the court and filed with the clerk. The 5 August order therefore remains valid and could only be modified on a showing of a substantial change in circumstances affecting the welfare of the child.

Appeal by plaintiff from order filed 13 November 1996 by Judge Robert W. Johnson and from order filed 10 March 1997 by Judge James M. Honeycutt in Iredell County Superior Court. Heard in the Court of Appeals 18 August 1998.

*Edward P. Hausle, P.A., by Edward P. Hausle, for plaintiff appellant.*

*No brief filed for defendant appellee.*

GREENE, Judge.

Jeffrey D. West (Plaintiff) appeals from the trial court's "Order to Set Aside Entry of Default" filed 13 November 1996 and from the trial court's "Final Custody Order" filed 10 March 1997.

Plaintiff and Dianna L. Marko (Defendant) are the biological parents of a minor child. In early 1996, after the parties' relationship had ended, Defendant moved to Wisconsin with their minor child. On 6 May 1996, Plaintiff filed an action for custody. Defendant signed a postal return receipt acknowledging her receipt of the summons and complaint on 13 May 1996. Defendant subsequently mailed a letter to the clerk of superior court, which was received on 18 June 1996, requesting "this summons 96CV00793 [sic] to be extended 30 days [because] I have moved to my home state of Wisconsin as of April 17, 1996 and I must now retain a lawyer out of state to handle this matter." Defendant failed to file a responsive pleading to Plaintiff's complaint with the court, and on 9 July 1996, pursuant to Plaintiff's motion, the assistant clerk of superior court filed an "Entry of Default" against Defendant.

A hearing was scheduled on Plaintiff's complaint, and on 14 June 1996, Defendant signed a postal return receipt acknowledging her receipt of notice of the scheduled custody hearing. Neither Defendant nor her representative attended the custody hearing on 23

July 1996. On that date, after receiving evidence from Plaintiff and from several witnesses for Plaintiff, the trial court ultimately found that Plaintiff "is fit and proper to have custody of the minor child and at this time it is in the best interest and the general welfare of said child that custody be granted to [Plaintiff]." Based on its findings at this hearing, the trial court awarded Plaintiff custody of the parties' minor child in an order dated 5 August 1996. Defendant abided by this 5 August 1996 order by returning to North Carolina and placing the child in Plaintiff's custody.

On 10 October 1996, Defendant filed a "Motion to Set Aside Entry of Default [and] Motion to Vacate/Stay Prior Order." On 13 November 1996, the trial court entered an "Order to Set Aside Entry of Default" over Plaintiff's objection. This order did not refer to the existing 5 August 1996 custody order which had already been entered pursuant to Plaintiff's complaint.

On 15 November 1996, Defendant filed an "Answer and Counterclaim" responding to the allegations in Plaintiff's original complaint and seeking custody of the parties' minor child. Plaintiff timely filed "Motions and Reply to Counterclaim," in which he responded to Defendant's counterclaim allegations and requested that Defendant's counterclaim be dismissed because the 5 August 1996 custody order remained "in full force and effect."

On 9 December 1996, a hearing was held with both Plaintiff and Defendant present. At that time, the transcript reveals that the trial court orally "den[ied] [Plaintiff's] motion to dismiss [Defendant's] answer [and] counterclaim and grant[ed] [Defendant's] motion to vacate the previous [5 August 1996] custody order that was done without [Defendant] present or represented." Plaintiff objected to the trial court's oral ruling vacating the 5 August 1996 custody order. The record does not reveal any written order vacating the 5 August 1996 custody order.

After receiving evidence from both parties at the 9 December 1996 custody hearing, a new custody order was entered on 10 March 1997 entitled "Final Custody Order" which granted custody of the parties' minor child to Defendant. This 10 March 1997 custody order did not purport to find any changed circumstances since entry of the 5 August 1996 custody order.

Plaintiff filed notice of appeal from both the 13 November 1996 "Order to Set Aside Entry of Default" and the 10 March 1997 "Final

Custody Order." Defendant's attorney subsequently moved to withdraw as attorney of record for Defendant, noting that she "was retained for District Court representation only." On 23 June 1997, the trial court ordered that Defendant's counsel be permitted to withdraw. Defendant has filed no arguments before this Court.

The issues are whether: (I) setting aside entry of default and allowing an answer to be filed after an order had already been entered resolving the issues raised in the complaint served to set aside or vacate the previously entered order; and (II) rendering an oral order in open court created an enforceable order.

I

**[1]** Default is a two-step process requiring (i) the entry of default and (ii) the subsequent entry of a default judgment. *State Employees' Credit Union, Inc. v. Gentry,* 75 N.C. App. 260, 264-65, 330 S.E.2d 645, 648 (1985). "For good cause shown the court may set aside an entry of default, and, if a judgment by default has been entered, the judge may set it aside in accordance with Rule 60(b)." N.C.G.S. § 1A-1, Rule 55(d) (Supp. 1997); *see also* 2 G. Gray Wilson, *North Carolina Civil Procedure* § 55-6, at 259 (2d ed. 1995) [hereinafter 2 *Wilson on Civil Procedure*] ("The good cause standard [for setting aside entry of default] is less stringent than that required for setting aside the default judgment pursuant to Rule 60(b), which looks to the existence of mistake, inadvertence or excusable neglect.").

Setting aside entry of default merely allows a defaulting defendant to file an answer in the pending action. *See* 2 *Wilson on Civil Procedure* § 55-6, at 263 ("[I]t would appear that a motion to extend time in conjunction with one to set aside an intervening default entry should not be required because the action of the court in setting aside [entry of] default would be meaningless if the defending party could not thereafter plead in the cause and pursue a defense on the merits."). Where the action is no longer pending because it has been resolved by an order of the court, in order to obtain relief the defaulting party must seek not only an order setting aside entry of default pursuant to Rule 55(d), but also must seek to have the default judgment set aside. *See* N.C.G.S. § 1A-1, Rule 55(d); *cf. Farm Lines, Inc. v. McBrayer,* 35 N.C. App. 34, 40, 241 S.E.2d 74, 78 (1978) (holding that the trial court was without authority to set aside entry of default on motion to set aside default judgment). Furthermore, merely because a trial court sets aside entry of default, it does not follow that it also intends to set aside the judgment entered, because "[a] court

might well be justified in setting aside a default entry on a showing that would not prompt it to overturn a default judgment." 2 *Wilson on Civil Procedure* § 55- 6, at 259.

> [T]he vacation of a default judgment is subject to the explicit provisions of Rule 60(b), which places additional restraints upon the court's discretion. The motion to set aside a default entry, on the other hand, may be granted for "good cause shown," which gives a court greater freedom in granting relief than is available in the case of default judgments. . . .
>
>     . . . [C]ourts are willing to grant relief from a default entry more readily and with a lesser showing than they are in the case of a default judgment.

10A Charles A. Wright *et al.*, *Federal Practice and Procedure* § 2692, at 88-90 (3d ed. 1998) (citations omitted).

In this case, the trial court entered a written order setting aside entry of default on 13 November 1996. This order did not purport to set aside the 5 August 1996 custody order which had already been entered by the trial court resolving Plaintiff's complaint.[1] The 5 August 1996 custody order, therefore, remained a binding and enforceable order of the trial court. It follows that the 13 November 1996 "Order to Set Aside Entry of Default," absent an order of the court setting aside or vacating the previously entered 5 August 1996 custody order, gained Defendant nothing.[2]

## II

**[2]** A judgment is not enforceable between the parties until it is entered. *Worsham v. Richbourg's Sales and Rentals*, 124 N.C. App. 782, 784, 478 S.E.2d 649, 650 (1996). A judgment is "entered" when it is "reduced to writing, signed by the judge, and filed with the clerk of court." N.C.G.S. § 1A-1, Rule 58.[3] "An announcement of judgment in open court constitutes the rendition of judgment, not its entry."

---

1. We need not decide, for purposes of this case, whether the 5 August 1996 custody order was entered as a default judgment or whether, as Plaintiff contends, it was entered pursuant to a regularly scheduled hearing at which Defendant failed to appear.

2. Because of our holding on this issue, we need not address Plaintiff's contention that the trial court abused its discretion in setting aside the entry of default against Defendant.

3. Rule 58 previously provided that when a judgment was rendered in open court, "entry" occurred when the clerk made a notation of the rendition in the minutes of the proceeding. 1993 N.C. Sess. Laws ch. 594, § 1. The amended version of Rule 58 applies to all judgments subject to entry on or after 1 October 1994. *Id.*

*Searles v. Searles*, 100 N.C. App. 723, 726, 398 S.E.2d 55, 56 (1990). Although Rule 58 specifically refers only to judgments, this Court has held that it applies to orders as well. *Onslow County v. Moore*, 129 N.C. App. 376, 388, 499 S.E.2d 780, 788 (1998); *see Abels v. Renfro Corp.*, 126 N.C. App. 800, 803, 486 S.E.2d 735, 737-38, *disc. review denied*, 347 N.C. 263, 493 S.E.2d 450 (1997). It follows that an order rendered in open court is not enforceable until it is "entered," *i.e.*, until it is reduced to writing, signed by the judge, and filed with the clerk of court.

In this case, the trial court orally vacated the 5 August 1996 custody order, but the record does not reveal any written order signed by the trial court and filed with the clerk entering such a judgment. It follows that the 5 August 1996 custody order has not been vacated. Because the 5 August 1996 custody order remains a valid court order, it can only be modified on a showing of a substantial change in circumstances affecting the welfare of the child. *See Pulliam v. Smith*, 348 N.C. 616, 619, 501 S.E.2d 898, 899-900 (1998). The 10 March 1997 "Final Custody Order" makes no findings of any change in circumstances occurring since entry of the 5 August 1996 custody order. Accordingly, the 10 March 1997 "Final Custody Order" must be vacated.

Vacated.

Judges JOHN and TIMMONS-GOODSON concur.