CORINDA GREENE, Plaintiff,
v.
LORENZO RICHARDSON, Defendant.
No. COA09-271.
Court of Appeals of North Carolina.
Filed January 5, 2010.
This case not for publication
No appellee's brief filed.
Lorenzo Richardson, pro se.
STROUD, Judge.
On appeal, defendant Lorenzo Richardson "is seeking for relief/dismissal of the Child Support `order' which was entered on Nov,26,2008 (sic) by District Court Judge Kristen Ruth (sic)[,]" which set defendant's child support obligation at $147.00 per month. Defendant states in his brief that "[a] bias hearing was held on Jan,28,2009 and the Modification was denied." Defendant further states that he then filed "Notice of Appeal with the Clerk of Superior Court. After several denied motions, [he then] filed an Record on Appeal (sic) with the Court of Appeals."
According to Rule 9 of the North Carolina Rules of Appellate Procedure, the record on appeal shall contain "a copy of the judgement, order, or other determination from which appeal is taken[.]" N.C.R. App. P. 9(a)(1)(h). "Since entry of judgment is jurisdictional this Court is without authority to entertain an appeal where there has been no entry of judgment." Searles v. Searles, 100 N.C. App. 723, 725, 398 S.E.2d 55, 56 (1990) (citation omitted). Accordingly, when "the record on appeal does not include a judgment, [then] failure to include such in the record on appeal subjects the appeal to dismissal." Id. at 724, 398 S.E.2d at 56 (citing N.C.R. App. P. 9(a)(1)). See Abels v. Renfro Corp., 126 N.C. App. 800, 804, 486 S.E.2d 735, 738, ("[T]his Court will dismiss an appeal if the judgment or order does not appear in the record on appeal."), disc. review denied, 347 N.C. 263, 493 S.E.2d 450 (1997). See also Dogwood Dev. & Mgmt. Co., LLC v. White Oak Transp. Co., 362 N.C. 191, 197, 657 S.E.2d 361, 365 (2008) ("A jurisdictional default . . . precludes the appellate court from acting in any manner other than to dismiss the appeal"). "Appellate review is based `solely upon the record on appeal,' N.C.R. App. P. 9(a); it is the duty of the appellants to see that the record is complete." Collins v. Talley, 146 N.C. App. 600, 603, 553 S.E.2d 101, 102 (2001) (citation omitted).
Here, there is no 26 November 2008 child support order nor a 28 January 2009 order from a "bias hearing" in the record; only a child support transmittal order from 26 November 2008 is in the record. Therefore, defendant did not properly include any judgment or order from which appeal was taken as required by N.C.R. App. P. 9(a)(1)(h).
Even if defendant had included an order in the record, defendant also never properly filed or served notice of appeal. Rule 3(c) of the North Carolina Rules of Appellate Procedure, "Time for taking appeal," states, in pertinent part, the following:
In civil actions and special proceedings, a party must file and serve a notice of appeal:
(1) within 30 days after entry of judgment if the party has been served with a copy of the judgment within the three-day period prescribed by Rule 58 of the Rules of Civil Procedure; or
(2) within 30 days after service upon the party of a copy of the judgment if service was not made within that three-day period . . . .
N.C.R. App. P. 3(c). "The provisions of Rule 3 are jurisdictional, and failure to follow the requirements thereof requires dismissal of an appeal." Abels, 126 N.C. App. at 802, 486 S.E.2d at 737 (citation omitted).
Here, even assuming that orders from 26 November 2008 and/or 28 January 2009 exist, there is no notice of appeal from either or both of these orders included in the record. The only notice of appeal included in the record is a "Notice of Appeal to District Court" form for appeals from Small Claims Court filed 6 February 2009. Even though this notice of appeal lists the date of entry of judgment as 28 January 2009, the same as defendant's "bias hearing," defendant's arguments seem to address the alleged child support order entered on 26 November 2008. It is not clear from what order defendant has attempted to appeal, as the notice is for an appeal from Small Claims Court to the District Court, not a notice of appeal to this Court from a district court's determination regarding defendant's child support obligation. In addition, if defendant was attempting to appeal a November 2008 child support determination, as his arguments seem to suggest, his notice of appeal was filed much more than 30 days after the alleged entry of the child support order. Given the record before us, we hold that defendant did not properly file notice of appeal within the time as prescribed by N.C.R. App. P. 3(c). We therefore dismiss defendant's appeal based upon these jurisdictional defaults. Dogwood Dev. & Mgmt. Co., LLC, 362 N.C. at 197, 657 S.E.2d at 365.
DISMISSED.
Judges GEER and ERVIN concur.
Report per Rule 30(e).