BRYANT, Judge.
Where a judge's oral rendering of a ruling to deny plaintiff's motion for summary judgment was not reduced to writing, signed by the judge, and entered in the clerk's office, a subsequent ruling by another judge to allow plaintiff's renewed motion for summary judgment was proper and did not violate the rule prohibiting one judge from overruling the order of another judge.
On 25 June 2000, defendant Linda Rogers Simpson and her former husband Thomas Curry Simpson obtained a line of credit as co-borrowers from plaintiff Branch Banking and Trust (BB & T). Thomas deposited the proceeds from the line of credit into an account owned and controlled by a company that Thomas owned, operated, and controlled-Simple Mechanical, Inc. Thomas Simpson and Linda Simpson divorced in 2004. When the couple divorced, Thomas informed Linda that he would pay off the line of credit. After 2004, Linda did not receive any money from the line of credit. After 2004, any payments made to repay the line of credit were made by someone other than Linda Simpson. In May 2009, Thomas Simpson became ill and died. Prior to filing a complaint, counsel for BB & T contacted Linda Simpson about the debt, which BB & T claimed Linda owed. Linda disputed the debt.
On 22 May 2012, BB & T filed a complaint against Linda Simpson in Forsyth County District Court. BB & T alleged that Simpson executed a contract for a loan and defaulted on the payment provision of the contract. Due to the default and pursuant to the terms of the contract, BB & T declared the balance of the loan due and payable. BB & T alleged that Linda Simpson owed a principal amount of $31,809.29 plus interest. The contract also obligated Simpson to reimburse BB & T for its reasonable attorney fees in the event of default.
Simpson filed a motion to dismiss and an answer to BB & T's complaint. Simpson moved to dismiss the complaint pursuant to Rule 12(b)(1) and raised an affirmative defense based on the statute of limitations. The record does not appear to reflect a direct ruling on the motion to dismiss, but the action remained pending.
On 1 April 2013, BB & T filed a motion for summary judgment. A hearing on the matter was calendared for 29 April 2013. The record on appeal includes the Forsyth County District Court Civil Calendar for the session beginning 29 April 2013, the Honorable Denise S. Hartsfield, Judge presiding. And, next to the calendar entry for this matter, a hand-written note states that motion for summary judgment was denied, "for order [defense] atty." It appears no order was forthcoming.
Discovery was commenced beginning in January 2004 and, on 19 June 2014, BB & T filed a renewed motion for summary judgment. The renewed motion was heard during the Forsyth County District Court Civil Session beginning 30 June 2014, the Honorable George A. Bedsworth, Judge presiding. Handwritten notes on the court calendar indicate that no written order as to Judge Hartsfield's April 2013 ruling to deny summary judgment was ever prepared and submitted by the defense attorney for the trial judge's signature. On 8 July 2014, the trial court entered an order granting BB & T's renewed motion for summary judgment. The trial court ordered that BB & T recover from Linda Simpson the principal sum of $31,809.29, together with interest. The trial court further ordered that attorney fees in the amount of $4,897.86 be included in the total sum. Linda Simpson appeals.
On appeal, Simpson argues that the trial court abused its discretion when it granted plaintiff's renewed motion for summary judgment. Specifically, Simpson argues that entry of the trial court's 8 July 2014 order and judgment granting BB & T's renewed motion violated North Carolina law precluding one trial court judge from overruling the order of another judge presiding over the same court, in the same case, concerning the same legal issue. We disagree.
In support of her argument, Simpson cites France v. Francefor the proposition that "[i]t is well established that one trial judge may not overrule another trial court judge's conclusions of law when the same issue is involved." --- N.C.App. ----, ----, 738 S.E.2d 180, 185 (2012). Simpson further contends that "[o]ne superior court judge may only modify, overrule, or change the order of another superior court judge where the original order was (1) interlocutory, (2) discretionary, and (3) there has been a substantial change of circumstances since the entry of the prior order." First Fin. Ins. Co. v. Commercial Coverage, Inc.,154 N.C.App. 504, 507, 572 S.E.2d 259, 262 (2002) (citation omitted).
Initially, we note that as to BB & T's 2013 motion for summary judgment, the record fails to reflect entry of an order denying BB & T's motion. Handwritten notes on a court calendar indicating an order was to be prepared does not constitute entry of an order. Furthermore, in her brief to this Court, Simpson acknowledges that as to BB & T's 2013 motion for summary judgment "no written order was ever signed or filed."
Presuming that the notes on the District Court's calendar for the civil session beginning 29 April 2013 accurately reflected the trial court's oral ruling on BB & T's 2013 motion for summary judgment, "[a]n announcement of judgment in open court constitutes the rendition of judgment, not its entry." West v. Marko,130 N.C.App. 751, 755-56, 504 S.E.2d 571, 574 (1998) (quoting Searles v. Searles,100 N.C.App. 723, 726, 398 S.E.2d 55, 56 (1990) ); see generally Boyles v. Boyles,308 N.C. 488, 490-91, 302 S.E.2d 790, 793 (1983) ("Because a judgment from a rendering court is only entitled to the 'same credit, validity and effect' ... as it had in the [court] where it was pronounced, the judgment from the rendering court must be deemed to have satisfied certain requisites of a valid judgment before full faith and credit will be granted to it."). "[A]n order rendered in open court is not enforceable until it is 'entered,' i.e., until it is reduced to writing, signed by the judge, and filed with the clerk of court." West,130 N.C.App. at 756, 504 S.E.2d at 574 ; see also Worsham v. Richbourg's Sales and Rentals,124 N.C.App. 782, 784, 478 S.E.2d 649, 650 (1996) ; Searles,100 N.C.App. at 726-27, 398 S.E.2d at 57 ("[T]he judgment is not enforceable as between the parties to this action as it has not been entered. See[McIntosh, North Carolina Practice and Procedure § 1621 (2d ed.1956) ] (judgment not complete for purpose of enforcement until its entry).").
As the record fails to reflect an order reduced to writing, signed by a presiding judge, and filed with the Forsyth County Clerk of Court ruling on BB & T's 2013 motion for summary judgment, there is no judgment enforceable as between the parties in regard to that motion. See Searles,100 N.C.App. at 726-27, 398 S.E.2d at 57 ("[T]he judgment is not enforceable as between the parties to this action as it has not been entered."). Thus, there was no entry of a prior order on BB & T's 2013 motion of summary judgment. Therefore, the trial court's ruling on BB & T's 2014 renewed motion for summary judgment does not violate the general prohibition that one trial judge may not overrule the order of another judge. See France,--- N.C.App. at ----, 738 S.E.2d at 185. Accordingly, we overrule Simpson's argument.
AFFIRMED.
Chief Judge McGEE and Judge STEELMAN concur.
Report per Rule 30(e).
Judge STEELMAN concurred in this opinion prior to 30 June 2015.
Opinion
Appeal by defendant from order entered 8 July 2014 by Judge George Bedsworth in Forsyth County District Court. Heard in the Court of Appeals 16 February 2015.