McGEE, Chief Judge.
Dennis Cole ("Defendant") appeals an order denying his motion for relief from a Domestic Violence Protective Order ("DVPO"). Defendant argues the DVPO was void ab initio and, as a result, the trial court erroneously denied his motion for relief from the judgment. We agree and therefore vacate the order.
I. Background
Defendant and Paula Edwards ("Plaintiff") were in a relationship for approximately four years. They have one biological child, born 19 February 2013. They cohabited until 3 June 2015, when Plaintiff asked Defendant to leave the home following an altercation. Plaintiff filed a Complaint and Motion for Domestic Violence Protective Order ("DVPO") on 4 June 2015 alleging Defendant
talks down to me [every] time he speaks to me. [Defendant] yells at me calling [me] "trash" and "a piece of shit" in front of our 2 [year] old daughter. [Defendant] threatens to throw us out of the home, the last time was on June 3, 2015. I have endured great emotional distress for over 2 [years]. [Defendant] has drawn back his fist at me more than once in front of our child.
Plaintiff also alleged that, on 3 June 2015, "[Defendant] was screaming at me and banging on the door threatening me to let him in." Plaintiff further alleged that Defendant "drinks everyday [sic]," "has a pistol that he keeps close to him[,]" and had threatened to shoot and kill her in the past. Plaintiff asked the court to enter a temporary no contact order against Defendant prohibiting Defendant from coming "any place [Plaintiff] and [their] daughter maybe [sic];" to grant Plaintiff temporary custody of the minor child; to enter a temporary order requiring Defendant to pay child support; to prohibit Defendant from "possessing or purchasing a firearm[;]" to order Defendant to surrender to the sheriff any "firearms, ammunition, and gun permits to purchase a firearm or carry a concealed weapon[;]" and to order Defendant to attend a domestic abuser treatment program.
The court entered an ex parte DVPO on 4 June 2015, effective until 10 June 2015, ordering that Defendant "not commit further acts of domestic violence or make any threats of domestic violence" against Plaintiff and prohibiting Defendant from having any contact with Plaintiff. The court found that, on 3 June 2015, Defendant "placed [Plaintiff] in fear of continued harassment that [rose] to such a level as to inflict substantial emotional distress[.]" As a result, the court concluded Defendant had "committed acts of domestic violence against [Plaintiff]." It granted temporary sole custody of the minor child to Plaintiff and ordered that Defendant have no contact with the child. The court granted Plaintiff possession of the shared residence and certain personal property therein. It further prohibited Defendant from possessing, receiving, or purchasing a firearm and ordered Defendant to surrender to the sheriff any firearms, ammunition, and gun permits in his possession. A review hearing was scheduled for 10 June 2015. Defendant was served with Plaintiff's complaint, the ex parte DVPO, and a civil summons on 8 June 2015.
Defendant appeared pro se at the 10 June 2015 hearing before Judge L. Dale Graham. Plaintiff was represented by counsel. When Defendant arrived in court, "[t]he [presiding] Judge asked [him] to speak with [Plaintiff's] lawyer" in an apparent effort to see if the parties could reach an agreement. Defendant "spoke [with Plaintiff's counsel] out in the lobby." Defendant later testified he
told [Plaintiff's counsel] that it was all a lie, and [counsel] had come back in and spoke with [Plaintiff], and she come [sic] back outside and she told me, she said "Okay. What [Plaintiff] said you done, you did not do." And then after that we started talking about splitting everything up.
According to Defendant, there was no mention of the DVPO, and he believed "the domestic violence issue was resolved and that [Plaintiff] agreed to do away with it." Following Defendant's conversation with Plaintiff's lawyer, the lawyer prepared three pre-printed forms: (1) a DVPO Consent Order (form AOC-CV-306); (2) a Temporary Child Custody Addendum to the DVPO (form AOC-CV-306A); and (3) a Memorandum of Judgment/Order (form AOC-CV-220). The DVPO Consent Order, effective through 10 June 2016, provided that Defendant "shall not commit any further acts of domestic violence or make any threats of domestic violence" and renewed the no contact order between Defendant and Plaintiff "except in emergencies involving the child." It also ordered Defendant not to "assault, threaten, abuse, follow, harass ... or interfere with [Plaintiff]" and to "stay away from [Plaintiff's] residence[.]" It further provided that Defendant would be subject to arrest for violating these provisions. The Temporary Child Custody Addendum, also effective through 10 June 2016, granted temporary custody of the child to Plaintiff and certain terms of visitation to Defendant. The Memorandum of Judgment/Order allocated possession of various personal property between Plaintiff and Defendant.
The trial court reviewed the documents and went over certain terms and conditions with Plaintiff and Defendant in open court. The court summarized or paraphrased portions of each document, including the DVPO Consent Order:
COURT: All right. So, [Defendant], you've gone over this and you are in agreement with this consent order, is that right?
DEFENDANT: Yes.
...
COURT: All right. Let me go over it briefly. [Defendant] agrees not to assault, harass or threaten [Plaintiff] or their [child].
...
COURT: All right. This says [Defendant] is to stay away from [Plaintiff's] residence, where she works, where the [child] receive[s] daycare, or the child.
Defendant responded "Yes" on several occasions when the trial court asked him whether the terms reflected Defendant's "full understanding and agreement." The court concluded the parties had reached "a reasonable agreement." The only question Defendant asked the court was when he would be able to recover his guns from the sheriff. Both Plaintiff and Defendant signed all three documents. While the trial judge signed the Temporary Child Custody Addendum and the Memorandum of Judgment/Order, he did not sign the DVPO Consent Order. Defendant testified he did not realize he remained subject to a DVPO until he consulted an attorney on 23 June 2015 to discuss child custody issues.
Defendant filed a Motion for Relief from Judgment on 2 July 2015 pursuant to N.C. Gen. Stat. § 1A-1, Rule 60 (" Rule 60(b) motion").[1] In his motion, Defendant alleged the 10 June 2015 DVPO Consent Order was void as a matter of law because the trial court failed to make a finding that Defendant had in fact committed an act of domestic violence against Plaintiff as required by N.C. Gen. Stat. § 50B-3 (2015). Defendant also alleged there had been insufficient evidence to support the ex parte DVPO, and that the subsequent DVPO Consent Order was a product of fraud and misrepresentation because counsel for Plaintiff "told [Defendant] that the domestic violence complaint would be dismissed." Defendant further alleged that the Memorandum of Judgment/Order was void because the trial court lacked subject matter jurisdiction to enter an order dividing the parties' personal property. Defendant's motion did not cite the trial judge's failure to sign the DVPO Consent Order.
Defendant's motion was heard on 21 August 2015. Plaintiff and Defendant each testified at the hearing, and both were represented by counsel. During closing arguments, counsel for Defendant asserted for the first time that the 10 June 2015 DVPO Consent Order was invalid because it was never signed by the judge. Counsel cited N.C. Gen. Stat. § 1A-1, Rule 58, which provides in part that "a judgment is entered when it is reduced to writing, signed by the judge , and filed with the clerk of court." See N.C. Gen. Stat. § 1A-1, Rule 58 (2015) (emphasis added). Counsel contended the trial court could not circumvent Rule 58's signature requirement by "us[ing] an addendum to a domestic violence order to create ... [a] valid domestic violence order." Counsel also argued the DVPO was invalid because, at the 10 June 2015 hearing, the trial court never told Defendant he was "subject to a domestic violence order.... [The judge] never said the things that is [sic] customarily said to a defendant in a domestic violence order case." According to counsel, Defendant "was given every indication that this [was] just a civil order telling these [parties] how to divide up their property and telling them when they're going to get to see their child[.]"
The trial court found that, inter alia , although the presiding judge failed to sign the DVPO Consent Order, the page that was not signed explicitly referred to the Temporary Child Custody Addendum and the Memorandum of Judgment/Order, both of which were signed by the judge. The trial court concluded this, combined with the fact that the judge reviewed all three documents with Plaintiff and Defendant in open court, satisfied Rule 58's "entry" requirements. Additionally, the trial found that no other grounds existed under Rule 60(b) for granting Defendant relief from the judgment. The motion was denied. Defendant gave notice of appeal to this Court on 15 September 2015.
II. Mootness
As an initial matter, we note that although the DVPO Consent Order at issue in this case expired on 10 June 2016, Defendant's appeal is not moot. Generally, an appeal should be dismissed as moot where "a determination is sought on a matter which, when rendered, cannot have any practical effect on the existing controversy." Lange v. Lange , 357 N.C. 645, 647, 588 S.E.2d 877, 879 (2003) (citation and quotation marks omitted). However, as Defendant observes, this Court has held that "[i]n addition to the collateral legal consequences, there are numerous non-legal collateral consequences to entry of a domestic violence protective order that render expired orders appealable."See Smith v. Smith , 145 N.C. App. 434, 437, 549 S.E.2d 912, 914 (2001). For example, "a person applying for a job, a professional license, a government position, admission to an academic institution, or the like, may be asked about whether he or she has been the subject of a [domestic violence protective order]." Id. (citation and quotation marks omitted). "[A]ppeals from expired domestic violence protective orders are not moot because of the stigma that is likely to attach to a person judicially determined to have committed [domestic] abuse." Id. See also In re A.K. , 360 N.C. 449, 452-53, 628 S.E.2d 753, 755 (2006) ("Possible adverse consequences flowing from a judgment preserve an appellant's substantial stake in the outcome of the case and the validity of the challenged judgment continues to be a 'live' controversy. As a result, an appeal from a judgment which creates possible collateral legal consequences for the appellant is not moot.").
III. Entry of Judgment
On appeal, Defendant contends the trial court erroneously denied his Rule 60(b) motion based on its finding that the 10 June 2015 DVPO Consent Order complied with Rule 58. Defendant maintains that, because the DVPO Consent Order was not signed by the judge, it was never "entered" pursuant to Rule 58 and was thus void ab initio . Defendant further contends that in the absence of a valid DVPO, the Temporary Child Custody Addendum and the Memorandum of Judgment/Order were likewise void as a matter of law. We agree.
A. Standard of Review
In his notice of appeal, Defendant appealed the denial of his Rule 60(b) motion only. He did not specifically appeal the underlying DVPO rendered on 10 June 2015. This Court has long held that a notice of appeal from the denial of a Rule 60(b) motion that " 'does not also specifically appeal the underlying judgment does not properly present the underlying judgment for our review.' " Croom v. Hedrick , 188 N.C. App. 262, 270, 654 S.E.2d 716, 722 (2008) (quoting Von Ramm v. Von Ramm , 99 N.C. App. 153, 156, 392 S.E.2d 422, 424 (1990) ); see also N.C.R. App. P. 3(d) ("The notice of appeal ... shall designate the judgment or order from which appeal is taken[.]").
However, it is well-established that "[a]n appellate court has the power to inquire into jurisdiction in a case before it at any time, even sua sponte ." Ponder v. Ponder , --- N.C. App. ----, ----, 786 S.E.2d 44, 47 (2016) (citation and internal quotation marks omitted). The central question presented by Defendant's appeal is whether the 10 June 2015 DVPO was "entered" as required by Rule 58 of the North Carolina Rules of Civil Procedure. "Since entry of judgment is jurisdictional [,] this Court is without authority to entertain an appeal where there has been no entry of judgment." Searles v. Searles , 100 N.C. App. 723, 725, 398 S.E.2d 55, 56 (1990) (citation omitted) (emphasis added); see also In re Estate of Walker , 113 N.C. App. 419, 420-21, 438 S.E.2d 426, 427 (1994) (dismissing appeal for lack of jurisdiction where no entry occurred, despite parties' acknowledgement that "if this appeal was dismissed they would merely obtain an entry of judgment and appeal again."). Accordingly, we must "review the record to determine if subject matter jurisdiction exists in this case." See In re N.R.M. , 165 N.C. App. 294, 297, 598 S.E.2d 147, 149 (2004) (citations, quotation marks, and internal quotation marks omitted). "While the standard of appellate review of a trial court's ruling on a Rule 60(b) motion is generally for an abuse of discretion, whether a trial court has subject matter jurisdiction is a question of law, which is reviewable on appeal de novo ." Yurek v. Shaffer , 198 N.C. App. 67, 75, 678 S.E.2d 738, 743 (2009) (citations and internal quotation marks omitted).
B. Analysis
N.C. Gen. Stat. § 1A-1, Rule 58 (2015) provides that a judgment is "entered" when it is "reduced to writing, signed by the judge , and filed with the clerk of court." (emphasis added). "[T]he purposes of the requirements of Rule 58 are to make the time of entry of judgment easily identifiable, and to give fair notice to all parties that judgment has been entered." Durling v. King , 146 N.C. App. 483, 494, 554 S.E.2d 1, 7 (2001) (citations omitted). As this Court recently observed,
prior to 1994, Rule 58 did not require that an order be in writing, signed, and filed to be deemed "entered"; indeed, orally rendered judgments were considered "entered." However, Rule 58 was amended in 1994 to clarify when a judgment or order was entered and therefore enforceable.
Dabbondanza v. Hansley , --- N.C. App. ----, ----, 791 S.E.2d 116, 119 (2016) (citation omitted). Under current Rule 58, a trial judge's signature functions as "a precondition to enforcement." Id. at ----, 791 S.E.2d at 120.
This Court has held that Rule 58 applies to both judgments and orders. See Onslow County v. Moore , 129 N.C. App. 376, 388, 499 S.E.2d 780, 788 (1998). Further, "the Rules of Civil Procedure apply to actions under Chapter 50B, [which governs the issuance of domestic violence protective orders,] except to the extent that a differing procedure is prescribed by statute." Hensey v. Hennessy, 201 N.C. App. 56, 62, 685 S.E.2d 541, 546 (2009) (citation and internal quotation marks omitted). It follows that a DVPO is "entered" when it is reduced to writing, signed by the judge, and filed with the clerk of court.
We agree with Plaintiff that, in the present case, the trial court had the authority to enter the 10 June 2015 DVPO. See N.C. Gen. Stat. § 50B-2(a) (2015) (providing in part that "[t]he district court division of the General Court of Justice shall have original jurisdiction over actions instituted under ... Chapter [50B]."); Comstock v. Comstock , --- N.C. App. ----, ----, 780 S.E.2d 183, 185 (2015) ("The issuance and renewal of DVPOs, the means for enforcing them, and the penalties for their violation are governed by North Carolina's Domestic Violence Act, which is codified in Chapter 50B of the North Carolina General Statutes."). However, the trial court failed to properly exercise that authority. Although the DVPO was signed by both Plaintiff and Defendant, it was never signed by the trial judge. While the trial court orally reviewed portions of the DVPO with Plaintiff and Defendant in open court, concluded "[i]t seem[ed] ... like a reasonable agreement[,]" and said, "I'm going to sign this[,]" a "trial judge's comments during the hearing ... are not controlling; the written court order as entered is controlling." Fayetteville Publ'g Co. v. Advanced Internet Techs., Inc. , 192 N.C. App. 419, 425, 665 S.E.2d 518, 522 (2008) (emphasis added); see also Searles , 100 N.C. App. at 726, 398 S.E.2d at 56 ("An announcement of judgment in open court constitutes the rendition of judgment, not its entry." (citation omitted)). Applying the unambiguous language of Rule 58, we are compelled to conclude the 10 June 2015 DVPO was not properly entered.
"A judgment is not enforceable between the parties until it is entered." West v. Marko , 130 N.C. App. 751, 755, 504 S.E.2d 571, 573 (1998) (citation omitted); see also Bumgardner v. Bumgardner , 113 N.C. App. 314, 321, 438 S.E.2d 471, 475 (1994) (finding judgment was not entered until "the day the court signed the judgment[,]" and earlier rendition of judgment "was of no effect absent an entry of judgment." (emphasis in original)). Before its entry, a judgment remains "subject to change[.]" Morris v. Southeastern Orthopedics Sports Med. & Shoulder Ctr. , 199 N.C. App. 425, 433, 681 S.E.2d 840, 846 (2009) (citation omitted). "Accordingly, a party cannot appeal an order until entry occurs." In re Thompson , 232 N.C. App. 224, 227, 754 S.E.2d 168, 171 (2014). In the context of a consent order, a party may withdraw consent prior to entry of judgment, in which case "the trial court is without power to sign [the] judgment." Chance v. Henderson , 134 N.C. App. 657, 663, 518 S.E.2d 780, 784 (1999) (citation and internal quotation marks omitted); see also Buckingham v. Buckingham , 134 N.C. App. 82, 85, 516 S.E.2d 869, 872 (1999) ("The power of the [trial] court to sign a consent judgment depends upon the unqualified consent of the parties thereto; and the judgment is void if such consent does not exist at the time the court sanctions or approves the agreement and promulgates it as a judgment.").
The trial court erred as a matter of law in finding the 10 June 2015 DVPO "complie[d] with [R]ule 58." Because the DVPO was not entered, the order remained unenforceable, and there was no final judgment from which Defendant could appeal. See In re A.B. , 239 N.C. App. 157, 171, 768 S.E.2d 573, 581 (2015) (observing that "a party cannot seek relief from a non-existent order [.]"); Buckingham , 134 N.C. App. at 87, 516 S.E.2d at 873 (providing that after the 1994 amendments to Rule 58, "judgments in open court are no longer considered final judgments."); Searles , 100 N.C. App. at 726, 398 S.E.2d at 57 (holding that "entry of judgment by the trial court is the event which vests jurisdiction in this Court, and the judgment is not complete for the purpose of appeal until its entry.").
Although Judge Graham did not sign the final page of the 10 June 2015 DVPO, he did sign both the Temporary Child Custody Addendum and the Memorandum of Judgment/Order (dividing certain personal property between Plaintiff and Defendant). However, in the absence of a valid DVPO, the trial court lacked authority to grant attendant DVPO relief. N.C. Gen. Stat. § 50B-3(a), authorizing trial courts to grant a protective order "[for the purpose of] restraining [a] defendant from further acts of domestic violence[,]" enumerates specific types of relief that such a protective order "may include." N.C. Gen. Stat. § 50B-3(a) (2015). The court may, inter alia , "[a]ward temporary custody of minor children[,]" see N.C. Gen. Stat. § 50B-3(a)(4) (2015), and "[p]rovide for possession of personal property of the parties," see N.C. Gen. Stat. § 50B-3(a)(8) (2015). The statutory language makes clear that the available relief is to be granted as part of a valid protective order.[2] In the present case, the trial court lacked jurisdiction to "enter" specific statutory relief which must accompany a valid and enforceable protective order. See also Vaughn v. Vaughn , 99 N.C. App. 574, 576, 393 S.E.2d 567, 568 (1990) (noting a judgment is void if the issuing court lacks "power to grant the relief contained in the judgment." (citation and quotation marks omitted)).
Because the 10 June 2015 DVPO was not properly entered, it was neither "complete for purposes of appeal ... [nor] enforceable between the parties [.]" Worsham v. Richbourg's Sales and Rentals , 124 N.C. App. 782, 784, 478 S.E.2d 649, 650 (1996). The trial court further lacked jurisdiction to "enter" specific statutory relief which is available only pursuant to a valid protective order. Accordingly, we vacate the 21 August 2015 order denying Defendant's motion for relief from judgment.
VACATED.
Report per Rule 30(e).
Judges STROUD and INMAN concur.

Although Defendant uses the shorthand "Rule 60 Motion," his motion for relief from judgment was made specifically pursuant to N.C.G.S. § 1A-1, Rule 60(b), which provides six reasons a court may relieve a party from a final judgment, order, or proceeding. Neither Rule 60(a) (clerical mistakes) nor Rule 60(c) (judgments entered by the clerk) is relevant to Defendant's appeal.

We also observe that the pre-printed Temporary Child Custody Addendum form explicitly provides that it "must be attached to [the] Domestic Violence Order of Protection."