L. E. MORRIS et al. v. MARY A. WHITE.

*Motion in the Cause—Pending Action—When Decree operates as a Conveyance.*

1. Where it is sought to set aside a judgment or decree on the ground of irregularity, a motion in the cause, and not a new action, is the appropriate remedy, although the action may be at an end.
2. Where the action is still pending, any relief against a judgment or decree rendered therein, must be by a motion in the cause, and not be a new action.
3. Where parties are required by a decree to execute a conveyance for certain land upon their coming of age, the action is pending until the conveyance is executed.
4. A decree does not operate as a conveyance, unless it complies with the requirements of the statute (*The Code*, §427), by declaring "that it shall be regarded as a deed of conveyance," &c.

(*Williamson* v. *Hartman*, 92 N. C., 236; *Fowler* v. *Poor*, 93 N. C., 466; *Burgess* v. *Kirby*, 94 N. C., 575; *Syme* v. *Trice*, at this Term; *Long* v. *Jarratt*, 94 N. C., 443; cited and approved).

CIVIL ACTION, tried before *Shipp, Judge,* at September Term, 1886, of PASQUOTANK Superior Court.

The following is so much of the case stated on appeal for this Court, as is necessary to a proper understanding of the opinion:

"The object of the action is to set aside, for irregularity, the following decree, rendered at Fall Term, 1871, of said Court, in an action wherein Mary A. White (the present defendant), was plaintiff, and Luzinka E. Morris and Eloise Morris (the present plaintiffs), were defendants.

"Upon application to the Court, William L. Reed, Esq., is appointed guardian *ad litem* and *prochein ami* to the infant defendants, and his answer to the complaint allowed and adopted as the answer of said infant defendants.

"And thereupon, upon the pleadings and testimony in

said action, it is ordered, adjudged and decreed by the Court, that there was a contract of sale and for the conveyance of the land named in the pleadings, from Mordecai Morris to the plaintiff before that day, and that said conveyance was actually executed as early as the 28th day of January, A. D. 1868, conveying the said lands named in the pleadings in fee to the said plaintiff, for the consideration, amongst others, of the sum of twenty-eight hundred dollars, and that said deed is lost. It is ordered, adjudged and decreed that the lands named in the pleadings be and they are hereby declared to be vested in fee in the plaintiff Mary A. White, and that the defendants do make a conveyance of said lands when they come of age to the plaintiff, or to her heirs or assigns. It is ordered and adjudged that this judgment be enrolled and registered in Pasquotank county, and that the costs be paid by the plaintiff."

This decree has been duly enrolled and registered in Pasquotank county. It is admitted that Mary A. White entered into the possession of the land under the decree, and has been in possession thereof ever since and received the rents and profits. It is also admitted that Luzinka Morris and Eloise Morris were of age at the time of the commencement of the present action, but that they have not executed to Mary A. White any conveyance for said land as ordered in the decree.

The cause coming on to be heard upon the pleadings and admissions, the defendant's counsel moved to dismiss the action, for that the proper remedy was by a motion in the original cause.

The Court being of opinion that the former decree has not been carried into effect, and that therefore the cause is still pending, sustained the motion. From this ruling, the plaintiffs appealed.

*Mr. E. C. Smith*, for the plaintiffs.
*Mr. Samuel F. Mordecai*, for the defendant.

MERRIMON, J., (after stating the facts).   The Court properly held that the plaintiffs' remedy was by motion or other appropriate proceeding in the action in which the decree complained of was granted.   They seek to have the decree set aside upon the ground of irregularity in it, and in the proceedings in the action leading to it.   It was competent, and the appropriate remedy, to move in the action within a reasonable time after the decree was granted, to set it aside for such cause, and this is so, although the action was ended.   *Williamson* v. *Hartman,* 92 N. C., 236 ; *Fowler* v. *Poor,* 93 N. C., 466 ; *Burgess* v. *Kirby,* 94 N. C., 475 ; *Syme* v. *Trice,* decided at this term.

But the plaintiffs might, and indeed ought, to have sought relief for any cause, if need be, in the action referred to, because it is still pending.   If the party complaining desires to attack the judgment for fraud or the like, or any cause except irregularity, it is proper to do so by a new and independent action, only when and after the action in which it was given is completely terminated.   *Williamson* v. *Hartman, supra* ; *Fowler* v. *Poor, supra.*   And, if redress can be had in the action thus pending, the Court will not entertain a new action for the same purpose, but will dismiss it as having been unnecessarily and improvidently brought.   The Court will not allow, much less encourage, unnecessary actions. To do so, would lead to confusion, injustice and the increased expenditure of costs and labor.   *Long* v. *Jarratt,* 94 N. C., 443.

The present plaintiffs, now of full age, have never executed to the defendant, as required by the decree of which they complain, a proper deed, and the action is therefore still pending for any proper purpose.   If it is not on the proper current docket as pending, it may be brought forward upon motion, and the plaintiffs can in it seek and obtain the relief they demand by the present action, if it shall turn out that they are entitled to the same.   *Long* v. *Jarratt, supra.*

It was suggested on the argument, that the decree mentioned in the pleadings operated and still operates, by virtue of the statute, (*The Code*, §427,) to pass the title to the land embraced by it, to the present defendant, and therefore in effect, the action in which it was granted, was at an end, when this action began.   Still, the present plaintiffs ought to execute the deed as required, and they may be compelled to do so, unless they should show sufficient cause why they ought not.   But it appears from the face of the decree, that it does not conform to the statute, in that it does not declare that it "shall be regarded as a deed of conveyance," &c.   It is essential that it shall so declare, to give it the full effect of a proper conveyance of the land.   It seems probable that the Court intended that it should have such effect, but it is not sufficient for that purpose.   Such statutory provisions must always be strictly observed as to their essential provision.

There is no error, and the judgment must be affirmed. To that end let this opinion be certified to the Superior Court according to law.   *It is so ordered.*

No error.                                                   Affirmed.