## J. A. CREED ET AL. v. S. E. MARSHALL ET AL.

(Filed 30 November, 1912.)

1. Judgments Nunc Pro Tunc—Motions—Procedure.

The Superior Court judge, at a subsequent term fo an affirmance on appeal of a judgment theretofore rendered in the cause, entered an order imposing conditions upon which the execution should not issue thereunder, therein providing that his order may be revoked at any time, after notice. At a subsequent term, after notice, he revoked the order, and on a second appeal it is *Held,* that the proceeding should be treated as a motion in the cause to amend the judgment first rendered and affirmed.

2. Judgments Nunc Pro Tunc—Corrections—Inadvertence—Clerical Errors.

A judgment *nunc pro tunc* cannot be entered for the purpose of correcting errors or omissions of the court in a former judgment

rendered in the cause, except where the former judgment fails, through inadvertence, or in consequence of clerical errors, to be what at the time it was intended to be.

### 3. Same—Evidence—Findings Conclusive—Appeal and Error.

The judge of the Superior Court is the sole judge of the weight and credibility of the evidence, in rendering a judgment *nunc pro tunc* correcting, or refusing to correct, errors or omissions in a former judgment; and his findings thereon are conclusive, and not reviewable on appeal, when the record does not disclose that he failed to find any material fact or any fact which he ought to have found from the evidence adduced.

### 4. Same—Questions for Jury—Issues of Fact—Questions of Fact.

In this case it is *Held*, that the judge of the Superior Court did not commit error in refusing to submit to the jury the evidence upon which he refused to correct a former order of the court. Upon the distinction between issues of fact and questions of fact, *Heilig v. Stokes*, 63 N. C., 612; *Keener v. Finger*, 70 N. C., 42, cited and approved.

APPEAL by defendant Marshall from *Lyon, J.,* as of the August Term of SURRY, from judgment rendered in Winston, 11 September, 1911.

This cause was originally tried at August Term, 1909, of the Superior Court of Surry County, before *Jones, J.,* upon issues submitted to and answered by a jury. Judgment was rendered, and an appeal taken to the Supreme Court. The judgment was affirmed in an opinion delivered by *Mr. Justice Hoke,* 155 N. C., 169.

At August Term, 1911, of Surry Court, upon motion, his Honor, *Judge Lyon,* made the following order:

NORTH CAROLINA—SURRY COUNTY.

August Term, 1911.

In this cause, the defendant having presented in open court the notes set out in the award for surrender unto plaintiffs, and the sum of $350, as set forth in the said award to be paid:

It is thereupon ordered by the court, that upon deposit of the said notes and a certified check for the $350 in the office of clerk of Superior Court, no execution shall issue against said S. E. Marshall or his sureties on arbitration bond in said action, nor shall said notes and money be turned over to plaintiffs until

the surrender of the big mill into the possession of S. E. Marshall; that this order may be revoked after notice at any time.

It is further ordered that notice issue to plaintiffs, returnable to the November Term of 1911, why they should not turn over and surrender to defendant the big mill.

That the clerk issue a copy of this order to the Sheriff of Surry County, to be served upon plaintiffs.

His Honor, *Judge Lyon,* then, upon motion of plaintiffs, after notice, set aside the above order, and rendered the following judgment:

NORTH CAROLINA—SURRY COUNTY.

In the Superior Court, August Term, 1911.

(Title of Cause.)

This cause coming on to be heard upon the motion of the plaintiffs to set aside and vacate an order heretofore made by me at Surry Superior Court, restraining the plaintiffs from issuing execution in the above entitled cause until the plaintiffs should deliver the sawmill involved in this controversy, and known as the "Big Mill," after examining the affidavits offered both by the plaintiffs and defendants and hearing the arguments of counsel for plaintiffs and defendants, I find that the judgment heretofore rendered in this cause by E. B. Jones, judge presiding, at the Superior Court of Surry County, from which there was an appeal to the Supreme Court, and being heard upon said appeal by the Supreme Court, was affirmed, was not an irregular judgment, and if said judgment was erroneous in form, that there was no exception to the form thereof, nor was there any appeal from the form of judgment.

I further find as a fact that since the said mill was turned over by plaintiffs to the defendant, that the defendant has exercised acts of ownership over the said "Big Mill," and if he has not at this time possession of the said mill, it is his own fault, and he has no one to blame but himself.

It is therefore decreed that the order made by me just at the close of Surry Superior Court, restraining the plaintiffs from issuing execution on the judgment heretofore rendered in this

cause, is set aside and vacated, and it is ordered that the order made in said cause by me relating to the "Big Mill" is hereby set aside. It is further ordered that the defendant pay the cost of this proceeding.

The defendant Marshall excepted to this last order of *Lyon, J.,* and appealed.

*Watson, Buxton & Watson for plaintiffs.*
*S. P. Graves, J. H. Folger, W. F. Carter for defendants.*

BROWN, J. We must treat this proceeding as a motion in the cause to amend the judgment rendered by *Judge Jones* and affirmed by this Court so as to include in it an adjudication as to the surrender of the "Big Mill," etc., as contended by the defendant. Treating it as such, upon the record before us, we must affirm the order of *Judge Lyon,* from which the defendants appeal.

There is no finding of facts set out in this record that *Judge Jones* ever rendered any such judgment and inadvertently failed to incorporate it in the written judgment signed by him. The case was brought to this Court on appeal, and no such error was assigned by the appellant. In fact, the form of the judgment as founded upon the issues was not contested.

It is well settled that in any case where a judgment has been actually rendered, or decree signed, but not entered on the record, in consequence of accident or mistake or the neglect of the clerk, the court has power to order that the judgment be entered up *nunc pro tunc,* provided the fact of its rendition is satisfactorily established and no intervening rights are prejudiced.

If the written judgment fails to incorporate the true sentence or judgment of the court, through inadvertence and in consequence of clerical errors or omissions, it may be completed by an order *nunc pro tunc,* or may be set aside and the true and correct judgment entered *nunc pro tunc.* But the power to amend the judgment as entered cannot be used for the purpose of correcting errors or omissions of the court.

No amendment can be allowed simply for the purpose of entering judgment which the court failed to render at the proper

time, or to change the judgment actually rendered to one which was not rendered. Such procedure cannot be allowed so as to enable the court to review and reverse its action in respect to what it formerly either refused or failed to do. 23 Cyc., 843.

According to many authorities, the evidence to justify the entry of a judgment *nunc pro tunc* must be record evidence, or some entry, note, or memorandum from the records which shows in itself, without the aid of parol evidence, that the alleged judgment was rendered, and what were its character and terms; but other authorities hold that such entries *nunc pro tunc* may be ordered on any evidence that is satisfactory, whether it be parol or otherwise.

The record does not disclose that the judge below failed to find any material fact or any fact which ought to have been found from the evidence adduced. He is the sole judge of the weight and credibility of the evidence, and his findings thereon are conclusive and are not reviewable by this Court. This has been settled by innumerable decisions. *Stockton v. Mining Co.,* 144 N. C., 595; *Norton v. McLaurin,* 125 N. C., 185; *Winburn v. Johnson,* 95 N. C., 46; *Sikes v. Weatherly,* 110 N. C., 131; *Lumber Co. v. Buhmann,* 75 S. E., 1008.

It has been held uniformly since the case of *Heilig v. Stokes,* 63 N. C., 612, that the Supreme Court has no power to pass upon issues of fact, and that, generally speaking, those questions of fact which are passed upon by the Superior Court judges are conclusive and binding upon this Court.

It is further contended that his Honor should have submitted the issues of fact to the jury. We cannot concur with the learned counsel for the defendant. The issues of fact arise upon the pleadings, and the issues arising upon the pleadings in this case were submitted to a jury and no exception taken to their form. All the rulings of the court below in submitting those issues to the jury were reviewed by this Court on appeal, and the judgment affirmed.

A distinction between *issues* of fact and *questions* of fact has been pointed out by *Judge Rodman* in the *Heilig case* and approved in the opinion of *Chief Justice Pearson* in *Keener v. Finger,* 70 N. C., 42.

Many questions of fact must necessarily arise which cannot be passed upon by a jury, such as amendments to the record, motions for injunction, vacating attachments, granting writs of assistance, and the like. This proceeding before *Judge Lyon* comes within this category, and his Honor found the facts without the aid of a jury, and his findings are binding upon us.

We fail to see how the defendant is greatly prejudiced if the facts be as found by his Honor, that the "Big Mill" was surrendered to the defendant, and that the defendant has exercised acts of ownership over it.

The plaintiffs, upon the admissions and findings now set out in this record, cannot now gainsay the defendants' right to such possession.

The costs of this appeal will be paid by the defendants.

The judgment of the Superior Court is

Affirmed.