*118
 
 DILLON, Judge.
 

 *18
 
 Defendant Anne J. Hansley ("Defendant") appeals the trial court's summary judgment order quieting title to property in favor of Plaintiffs Rodney Michael Dabbondanza, Jr., and Angella Lynn Dabbondanza (collectively referred to as "Plaintiffs"). For the following reasons, we reverse.
 

 *19
 
 I. Background
 

 This appeal concerns certain real property in Rutherford County purchased by Plaintiffs in 2015 (the "Property") and whether Defendant's 2013 judgment against a
 
 prior owner
 
 of the Property attached as a lien against the Property.
 

 The Property was acquired by Johnny Ray Watkins ("Husband") prior to 2000. Husband was married to Linda F. Watkins ("Wife") until their divorce sometime thereafter.
 

 In 2007, Judge Laura A. Powell ("Judge Powell") entered an equitable distribution order, pursuant to which Husband was directed to convey his interest in the Property to Wife (the "2007 ED Order"). However, Husband refused to execute a deed conveying his interest in the Property.
 

 In December 2008, Husband and Wife appeared before Judge Powell on a motion hearing in the equitable distribution matter. During the hearing, Judge Powell
 
 orally
 
 directed Robynn Spence, the Clerk of the Superior Court in Rutherford County, (hereinafter the "Clerk"), to execute a deed conveying Husband's interest in the Property to Wife, pursuant to Rule 70 of the North Carolina Rules of Civil Procedure (the "2008 Oral Directive"). Accordingly, the Clerk executed and delivered a deed to Wife (the "2009 Deed"), which was duly recorded in 2009.
 

 In 2013, Defendant obtained a money judgment against Husband, which was docketed in Rutherford County Superior Court (the "2013 Judgment").
 

 In 2014, Judge Powell entered a
 
 written
 
 order, which purported to reduce the 2008 Oral Directive to writing (the "2014 Order"). The 2014 Order was entered
 
 nunc pro tunc
 
 , relating back to the entry of the 2007 ED Order.
 

 In 2015, Wife conveyed the Property to Plaintiffs. Around that same time, Defendant, who had since obtained the 2013 Judgment, directed the Rutherford County Sheriff's Office to execute on the Property. Defendant contended that at the time the 2013 Judgment was docketed, Husband still possessed an interest in the Property, notwithstanding the 2009 Deed.
 

 Plaintiffs commenced this action to quiet title and obtained a temporary injunction staying the execution on the Property. Plaintiffs filed a motion for summary judgment, which the trial court granted, holding
 
 *20
 
 that the 2013 Judgment had not attached to the Property. Defendant filed a timely appeal.
 

 II. Standard of Review
 

 We review a grant of summary judgment
 
 de novo
 
 .
 
 Variety Wholesalers, Inc. v. Salem Logistics Traffic Servs., LLC,
 

 365 N.C. 520
 
 , 523,
 
 723 S.E.2d 744
 
 , 747 (2012). Summary judgment is appropriate when "there is no genuine issue as to any material fact and any party is entitled to a judgment as a matter of law."
 
 Builders Mut. Ins. Co. v. N. Main Const., Ltd
 
 .,
 
 361 N.C. 85
 
 , 88,
 
 637 S.E.2d 528
 
 , 530 (2006) (citation omitted) (internal quotation marks omitted).
 

 III. Analysis
 

 The issue on appeal is whether the trial court correctly concluded that, as a matter of law, the Property is not encumbered by the 2013 Judgment. We conclude that the 2008 Oral Directive was not enforceable and that the Clerk, as a result, lacked authority to convey Husband's interest in the Property to Wife pursuant to the 2009 Deed. We further conclude that the 2007 ED Order does not affect the priority of the 2013 Judgment as the 2007 ED Order was not properly recorded. Accordingly, Husband still owned an interest in the Property when the 2013 Judgment was docketed. As such, we reverse the trial court's summary judgment order.
 

 A. Rule 70 Appointment Must Be Entered To Take Effect.
 

 Rule 70 provides that if a judgment directs a party to execute a conveyance of real estate and that party fails to comply, the trial court is then authorized "to direct the
 
 *119
 
 act to be done at the cost of the disobedient party by some other person appointed by the judge and the act when so done has like effect as if done by the [disobedient] party." N.C. Gen. Stat. § 1A-1, Rule 70 (2013). Put simply, if the trial court orders a party to convey property and that party refuses, the trial court may appoint
 
 another person
 
 to convey that property. In the present case, the parties do not dispute that the 2007 ED Order required Husband to convey his interest in the Property to Wife. However, at the time of the 2008 hearing before Judge Powell, Husband had not done so, and his whereabouts were unknown. Judge Powell attempted to direct the conveyance of Husband's interest in the Property to Wife pursuant to Rule 70.
 

 We conclude that a Rule 70 appointment whereby a party executes a deed on behalf of a disobedient party is an "order," as the disobedient party is affected by his or her divestment of ownership in the property. Rule 58 of the North Carolina Rules of Civil Procedure provides that "a
 
 judgment
 
 is entered when it is reduced to writing, signed by a judge,
 
 *21
 
 and filed with the clerk of court." N.C. Gen. Stat. § 1A-1, Rule 58 (2013) (emphasis added). Our Court has consistently held that Rule 58 applies to
 
 orders
 
 as well as judgments in civil cases,
 
 see, e.g.
 
 ,
 
 Onslow v. Moore
 
 ,
 
 129 N.C.App. 376
 
 , 388,
 
 499 S.E.2d 780
 
 , 788 (1998) (explaining that " Rule 58 applies to judgments and orders, and therefore, an order is entered when the requirements of ... Rule 58 are satisfied"), and that "an order rendered in open court is not enforceable until it is 'entered,' i.e., until it is reduced to writing, signed by the judge, and filed with the clerk of court,"
 
 In re Foreclosure of Goddard & Peterson, PLLC
 
 , --- N.C.App. ----, ----,
 
 789 S.E.2d 835
 
 , 840 (2016) (internal quotation marks omitted) (quoting
 
 West v. Marko
 
 ,
 
 130 N.C.App. 751
 
 , 756,
 
 504 S.E.2d 571
 
 , 574 (1998) ).
 

 As our Court recently explained, prior to 1994, Rule 58 did not require that an order be in writing, signed, and filed to be deemed "entered"; indeed, orally rendered judgments were considered "entered."
 
 In re O.D.S.
 
 , --- N.C.App. ----, ----,
 
 786 S.E.2d 410
 
 , 413 (2016). However, Rule 58 was amended in 1994 to clarify when a judgment or order was entered and therefore enforceable.
 

 Id.
 

 The 2008 Oral Directive was not enforceable as it was not written, signed, or filed with the clerk of court, and was therefore not effective to authorize the Clerk to convey Husband's interest in the Property. The 2008 Oral Directive is comparable to an oral incompetency order, which we recently held does not authorize the appointment of a guardian.
 
 In re Thompson
 
 ,
 
 232 N.C.App. 224
 
 ,
 
 754 S.E.2d 168
 
 , 172 (2016) (holding that a clerk of court can only appoint a guardian after an incompetency order has been "entered" pursuant to Rule 58 ).
 

 We note that the 2009 Deed indicates that the Clerk's purported authority to convey Husband's interest derives from the divorce action between Husband and Wife. Rule 58 required the appointment order to be entered before the Clerk was authorized to convey Husband's interest. There was no entered appointment order in Husband and Wife's divorce action. Given the 2009 Deed's reference to the divorce action, a prudent title examiner would conclude that the 2009 Deed was invalid as the referenced divorce action file does not contain an entered appointment order. The 2008 Oral Directive was not enforceable.
 

 B. The 2014 Order Has No Effect on the 2013 Judgment.
 

 We conclude that the 2014 Order did not extinguish the lien created by the 2013 Judgment.
 

 *22
 
 A
 
 nunc pro tunc
 
 order is an entered order with retroactive effect. "
 
 Nunc pro tunc
 
 is defined as
 
 now for then
 
 .... It signifies a thing is now done which should have been done on the specified date."
 
 Whitworth v. Whitworth
 
 ,
 
 222 N.C.App. 771
 
 , 777,
 
 731 S.E.2d 707
 
 , 712 (2012) (emphasis added) (citation and internal marks omitted).
 

 Our Supreme Court has held that "in consequence of accident or mistake or the neglect of the clerk, the court has power to order that the judgment be entered up
 
 nunc pro tunc
 
 , provided that the fact of its rendition is satisfactorily established and no intervening rights are prejudiced."
 

 *120
 

 Creed v. Marshall
 
 ,
 
 160 N.C. 394
 
 , 394,
 
 76 S.E. 270
 
 , 271 (1912) (emphasis added). Our Supreme Court also has held that
 
 orders
 
 may be entered
 
 nunc pro tunc
 
 in the same manner as judgments.
 
 See
 

 State Trust Co. v. Toms
 
 ,
 
 244 N.C. 645
 
 , 651,
 
 94 S.E.2d 806
 
 , 811 (1956). However, these decisions predate the General Assembly's 1994 amendment to Rule 58. Prior to 1994, a trial judge's role in creating a valid order, generally, was
 
 to render
 
 (that is, orally pronounce) the order from the bench, after which the order would then be noted on the record by the clerk of court.
 
 See generally
 

 Morris v. Bailey
 
 ,
 
 86 N.C.App. 378
 
 , 388,
 
 358 S.E.2d 120
 
 , 126 (1987) (detailing the obligations of trial courts when issuing orders under the pre-1994 version of Rule 58 ). However, prior to 1994, a trial judge could not enter a
 
 nunc pro tunc
 
 order if an order had never been rendered in the first place.
 
 Long v. Long
 
 ,
 
 102 N.C.App. 18
 
 , 21-22,
 
 401 S.E.2d 401
 
 , 403 (1991) (concluding that a trial court's
 
 nunc pro tunc
 
 order granting a motion to dismiss was ineffective as the trial court did not render its order in open court).
 

 In 1994, the General Assembly amended Rule 58 by requiring trial judges to sign written orders as a precondition to enforcement. In the present case, Judge Powell never signed a written order in 2008 when she rendered her order directing the Clerk to sign the 2009 Deed. We hold that after the 1994 amendment to Rule 58, a judge does not have the authority to enter an order
 
 nunc pro tunc
 
 if that judge did not previously sign a written order.
 
 See
 

 Rockingham County DSS ex rel. Walker v. Tate
 
 ,
 
 202 N.C.App. 747
 
 , 752,
 
 689 S.E.2d 913
 
 , 917 (2010) (stating that "a nunc pro tunc entry may not be used to accomplish something which ought to have been done but was not done"). Accordingly, we hold that Judge Powell did not have the authority to enter a
 
 nunc pro tunc
 
 order in this case.
 
 [1]
 

 *23
 
 Assuming,
 
 arguendo
 
 , that Judge Powell had the authority to enter a
 
 nunc pro tunc
 
 order even without a signed written order, the 2014 Order did not extinguish the 2013 Judgment lien. First, as our Supreme Court held, a
 
 nunc pro tunc
 
 order may not be entered if it would prejudice third parties.
 
 Creed
 
 ,
 
 160 N.C. at 394
 
 ,
 
 76 S.E. at 271
 
 . Here, Defendant would be prejudiced by a
 
 nunc pro tunc
 
 order. At the time the 2013 Judgment was docketed, Husband still owned an interest in the Property, as the 2009 Deed was invalid. Our Supreme Court has long recognized that a deed is conveyed when it is delivered.
 
 E.g.,
 

 Williams v. N.C. State Bd. of Ed.
 
 ,
 
 284 N.C. 588
 
 , 598,
 
 201 S.E.2d 889
 
 , 895 (1974). When the 2009 Deed was delivered, the Clerk had no authority to convey Husband's interest; therefore, nothing was conveyed by the 2009 Deed.
 
 [2]
 
 Validating the 2014 Order would ultimately eliminate the valid 2013 Judgment lien.
 

 C. The 2007 ED Order Does Not Affect the Priority of the 2013 Judgment Lien.
 

 In the 2014 Order, Judge Powell stated that the 2007 ED Order was sufficient
 
 in and of itself
 
 to divest Husband's title in the Property, even without her subsequent order oral directive. Specifically, Rule 70, the source of Judge Powell's authority to direct the Clerk to convey Husband's interest in the Property, also preserves the right of a judge pursuant to
 
 N.C. Gen. Stat. § 1-228
 
 to enter a judgment which
 
 itself
 
 serves as the deed of conveyance.
 
 See generally
 

 Morris v. White
 
 ,
 
 96 N.C. 91
 
 ,
 
 2 S.E. 254
 
 (1887) (describing the statutory precursor to N.C. Gen Stat. Stat. § 1-228, which permitted a judge to convey property by written decree without having to appoint a third party to do so).
 
 N.C. Gen. Stat. § 1-228
 
 provides in part that "[e]very
 
 *121
 
 judgment, in which the transfer of title is so declared, shall be regarded as a deed of conveyance."
 
 N.C. Gen. Stat. § 1-228
 
 (2013). This authority extends to judges in equitable distribution matters.
 
 N.C. Gen. Stat. § 50-20
 
 (g) ("If the court orders the transfer of real or personal property or an interest therein, the court may also enter an order which shall transfer title, as provided in G.S. 1A-1, Rule 70 and G.S. 1-228").
 
 *24
 
 In the present case, Judge Powell did
 
 enter
 
 an equitable distribution order that contained language awarding the Property to Wife in 2007, six years before the 2013 Judgment was docketed. However, even if the 2007 ED Order was sufficient to constitute a conveyance under
 
 N.C. Gen. Stat. § 1-228
 
 , the 2007 ED Order does not affect the priority of the 2013 Judgment lien because the 2007 ED Order was never recorded. Indeed,
 
 N.C. Gen. Stat. § 1-228
 
 states that a judgment "shall be regarded as a deed of conveyance" and, like any other deed, must "be registered in the proper county, under the rules and regulations prescribed for conveyances of similar property executed by the party."
 
 N.C. Gen. Stat. § 1-228
 
 . Therefore, we conclude that the entry of the 2007 ED Order has no effect on the priority of the 2013 Judgment lien.
 

 IV. Conclusion
 

 For the foregoing reasons, we reverse the trial court's grant of summary judgment for Plaintiffs. We remand with instructions that the trial court enter summary judgment for Defendant on the issue that Husband still owned an interest in the Property when the 2013 Judgment was docketed.
 

 REVERSED.
 

 Chief Judge McGEE concurs.
 

 Judge HUNTER, JR., concurs in a separate opinion.
 

 HUNTER, JR., Robert N., Judge, concurring in a separate opinion.
 

 I concur in favor of reversing and remanding the trial court's summary judgment as the record discloses Defendant is entitled to judgment as a matter of law.
 

 North Carolina became an equitable distribution jurisdiction in 1981.
 
 See
 
 S.L. 1981, Ch. 815, An Act for Equitable Distribution of Marital Property. It is clear the Legislature intended for equitable distribution to serve as a basis for property conveyance, making an equitable distribution order an effective means to convey property, much like a deed of conveyance.
 
 See
 
 Id.
 

 ;
 
 N.C. Gen. Stat. § 50-20
 
 (g) (1984) ("If the court orders the transfer of real or personal property or an interest therein, the court may also enter an order which shall transfer title, as provided in [N.C. Gen. Stat. §] 1a-1, Rule 70 and [N.C. Gen. Stat. §] 1-228.");
 
 see also
 

 Morris v. White
 
 ,
 
 96 N.C. 91
 
 ,
 
 2 S.E. 254
 
 (1887). The comment to Rule 70 makes clear that "a judgment divesting title and vesting it in
 
 *25
 
 other 'has the effect of a conveyance' without further words being added to the effect that the judgment 'shall be regarded as a deed of conveyance.' " N.C. Gen. Stat. § 1A-1, Rule 70, Comment (citing
 
 Morris
 
 ,
 
 96 N.C. 91
 
 ,
 
 2 S.E. 254
 
 ;
 
 Evans v. Brendle
 
 ,
 
 173 N.C. 149
 
 ,
 
 91 S.E. 723
 
 (1917) ).
 

 Like an unrecorded deed of conveyance, an equitable distribution order in itself does not establish lien priority against creditors. The Rules of North Carolina Civil Procedure, Article 11, "Lis Pendens," section 1-116, "Filing of notice of suit" provides the following in relevant part:
 

 (a) Any person desiring the benefit of constructive notice of pending litigation must file a separate, independent notice thereof, which notice shall be cross-indexed in accordance with G.S. 1-117, in all of the following cases:
 

 (1) Actions affecting title to real property....
 

 (b) Notice of pending litigation shall contain:
 

 (1) The name of the court in which the action has been commenced or is pending;
 

 (2) The names of the parties to the action;
 

 (3) The nature and purpose of the action; and
 

 (4) A description of the property to be affected thereby....
 

 *122
 
 (d) Notice of pending litigation must be filed with the clerk of the superior court of each county in which any part of the real estate is located, not excepting the county in which the action is pending, in order to be effective against bona fide purchasers or lien creditors with respect to the real property located in such county.
 

 N.C. Gen. Stat. § 1-116
 
 (2015).
 

 In light of these rules of procedure, prudent practices dictate when marital realty is held solely in an adverse party's name at the time litigation begins one should file a lis pendens with the clerk of court to notify others of the party's claim and establish priority over subsequent lien holders. After judgment conveys property like any deed, one should record the equitable distribution order with the register of deeds. Here, the 2007 equitable distribution order effectively conveyed the property from Husband to Wife, but left unrecorded, it did not establish lien priority over subsequent judgment creditors. Therefore, intervening lien holders had the opportunity to establish their interests through recordation in the race within the courthouse, to the register of deeds office.
 

 [1]
 

 Prior to 1994, a trial judge could enter a
 
 nunc pro tunc
 
 order if he or she rendered an order and the clerk of court neglected to note the original order in the record. By analogy, an argument could be made that after 1994, a trial court judge has the authority to enter a
 
 nunc pro tunc
 
 order if he or she signed a written order, but, due to mistake, accident or neglect of the clerk, the original written order was not filed. However, this issue is not before us.
 

 [2]
 

 We note that in 2014, Husband executed a deed conveying his interest in the Property to Wife, which was prior to her conveyance of the Property to Plaintiffs. However, when Husband executed this deed, the 2013 Judgment was already docketed and, therefore, attached as a lien on his interest in the Property.